HOWARD *vs.* SEXTON.

In the action of slander, evidence can not be given of words spoken on another occasion and of a different import from those charged in the declaration, although such evidence is offered only for the purpose of showing that the words charged were spoken with a malicious intent.

Accordingly, in an action for words spoken importing that the plaintiff had sworn false as a witness in a controversy before arbitrators, *held*, that evidence showing that the defendant on a different occasion, in speaking of the arbitration said, "the way they got the money was no better than highway robbery," was inadmissible, although offered for no other purpose than to show "*with what mind*" the words charged in the declaration were spoken.

In the action of slander, *express malice* forms no part of the issue except in cases of privileged communications. The law implies malice from proof of the wrongful transaction. *Per* GARDINER, J.

A witness may be convicted of perjury in falsely swearing to a promise within the statute of frauds, although parol evidence of the promise would not be competent if objected to. Such evidence is material, and therefore the action of slander will lie for imputing perjury in respect thereto.

By the common law, arbitrators could act judicially without being sworn, and the statute of arbitrations (2 *R. S.* 541) has not changed the law in this respect.

A submission to arbitrators is valid although there is no agreement that judgment may be entered on the award.

Jurisdiction is conferred upon arbitrators by the agreement of the parties, and the omission to take the oath prescribed by the statute, does not affect the validity of their proceedings.

ACTION of slander in the supreme court, for charging the

plaintiff with having sworn false, &c. in a suit before arbitra-
tors. The plaintiff proved the submission, which con-
tained no provision that a judgment should be rendered on the
award. It appeared that the arbitrators were not sworn; that
the plaintiff was sworn by a *justice* of the *peace* as a witness for
one of the parties, and examined before the arbitrators. He
testified, without objection, to a promise or undertaking by the
defendant, who was a party to that controversy, to pay certain
notes given by one Tower, *if the maker did not.* The plaintiff
also proved the speaking of the words as laid in the declaration.
He then offered to prove that at a different time and place, the
defendant in speaking of the arbitration said, "the way they
got the money was no better than highway robbery." The evi-
dence was objected to, as inadmissible for any purpose, as the
words were not contained in the declaration. The court re-
ceived the testimony "as evidence of malice, to show with
what mind the words laid in the declaration were spoken, and
for no other purpose." The defendant excepted. The defend-
ant subsequently moved for a nonsuit: 1. Because no perjury
could have been committed before the arbitrators by the plain-
tiff, they not having been sworn. 2. Because the testimony of
the plaintiff given on the arbitration was *immaterial*, he having
sworn to a promise within the *statute of frauds.* The motion
was denied and the defendant excepted. The jury found a ver-
dict for the plaintiff, upon which the supreme court sitting in
the sixth district finally rendered judgment. (*See* 1 *Denio,* 440,
where the case is reported upon a motion to set aside the non-
suit granted on the first trial of the cause.) The defendant ap-
pealed to this court.

*B. F. Rexford,* for appellant.

*Abial Cook,* for respondent.

GARDINER, J. delivered the opinion of the court.

By the common law, arbitrators could act judicially without
being sworn. They were judges selected by the parties. The

statute of arbitrations (2 *R. S.* 541) has not changed the law in this respect, but permits the parties to agree in their sub- [159] mission, that a judgment of a court of record may be rendered upon the award. Although the litigants have not availed themselves of this privilege, yet the submission they did execute was a sufficient authority until revoked, for the arbitrators to hear and determine the controversy between them. The oath prescribed by the fourth section, to be administered to the arbitrators, is not in such cases a prerequisite to jurisdiction. This is conferred by the agreement of the parties. Its omission, even if not waived, as it manifestly was, would be a mere irregularity.

The arbitrators, therefore, had jurisdiction, and the plaintiff being sworn by the officer prescribed in the fifth section, the oath was administered by competent authority, and in a judicial proceeding. (1 *Denio,* 440.) This disposes of the first five points made by the defendant.

The second ground taken by the defendant, on the motion for a nonsuit was, " that the evidence of the plaintiff before the arbitrators, was *immaterial;* he swearing to a promise within the statute of frauds." The evidence was material, for it proved the promise. It was not perhaps competent, if the objection had been taken in season. All secondary evidence becomes incompetent if objected to. But if the parties choose to rely upon it, a witness is not thereby absolved in conscience or law, from his obligation to speak the truth.

The third and principal question is, whether the court erred in admitting evidence of a charge, made by the defendant, against the plaintiff, of a different nature and at a different time from the slander alledged in the declaration. The plaintiff complained, that the defendant had at the time and manner mentioned in the declaration, charged him, in substance, with the crime of perjury. If the words proved, together with the circumstances under which they were spoken, did not sustain the declaration, the plaintiff should have been nonsuited; if they did, a cause of action was established, and no further proof of malice was required or proper. (2 *Stark. Ev. 7th Am.*

*ed.* 629 ; 2 *Phil. Ev.* 5*th Am. ed.* 245.) The evidence was admitted by the judge, " to show with what mind the words [160] stated in the declaration were spoken, and *for no other purpose.*" In other words, to prove express malice. As this was not essential to sustain the action, there could be no assignable reason for the admission of such testimony, except to aggravate the damages. And yet upon that question, the learned judge, in effect, instructed the jury to disregard it. If they had regarded the ruling of the court, which is never done under such circumstances, the evidence was irrelevant, and should have been excluded.

The witness then testified that the defendant in speaking of the arbitration said, " The way they got the money was no better than highway robbery." If we assume that the defendant referred to the plaintiff, which is a violent presumption, the evidence was incompetent. 1st. The charge made did not point to the crime of perjury exclusively, but was consistent with any gross moral delinquency upon the part of the plaintiff. Again, if these words were actionable, they should have been excluded because they were not, either in substance or effect, the words stated in the declaration. (6 *Hill,* 519.) If they were not actionable, as the plaintiff insists, he should not be permitted to recover damages for their utterance, either directly or indirectly.

It is said, that malice is involved in the issue between the parties, and that the evidence, though unnecessary, was competent. The answer to this suggestion is, that in the action of slander, except in cases of privileged communications, express malice forms no part of the issue. Legal malice, only is affirmed, or denied ; and this results from proof of the transaction of which the plaintiff complains, which the law pronounces wrongful, and therefore malicious. (2 *Greenl. Ev.* §§ 410, 418, 421.) If A. should charge B. with perjury, and the week following with robbery, in an action for the first slander, a justification by A. of the charge of robbery, would not relieve him from the imputation of legal malice, as to the other. Nor, on the other hand had the action been for the second accusation,

and that justified, would any degree of malice upon the part of A. in charging B. with perjury sustain a verdict in favor of the latter ? Such issues are wholly collateral. Their determination by the jury, can not legitimately aid either party ; and the objection to evidence to sustain them, is not that it is cumu- [161] lative, and therefore unnecessary, but that it does not, in any legal sense, tend to establish the real matter in issue between the parties.

It has sometimes been argued, that proof of this character shows general malice upon the part of the defendant, which may properly enhance the damages against him. So would evidence that he had set fire to the house of the plaintiff, or committed a battery upon his person, furnish stronger proof of general malice, than mere words, however opprobrious. The principle does not stop with proof of different words, but extends to the whole conduct of the defendant. Some of the adjudged cases, certainly seem to go this length. (2 *Campb.* 73 ; 2 *Stark. Ev.* 635, *n. a.*) And if the proposition we are considering is sound, they were rightly decided. But the modern, and I think the better doctrine is, that the action for slander was not designed to punish the defendant for general ill will to his neighbor, but to afford the plaintiff redress for a specific injury. To constitute that injury, malice must be proved, not mere general ill will, but malice in the special case set forth in the pleadings, to be inferred from it, and the attending circumstances. The plaintiff may show a repetition of the charge for which the action is brought, but not a different slander for any purpose ; and if such evidence is received without objection, with a view to establish malice, the plaintiff may, notwithstanding, bring a subsequent action for the same words, and recover. (*Root* v. *Lowndes*, 6 *Hill*, 519 ; *Campbell* v. *Butts*, 3 *Comst.* 174.)

Where malice in fact is necessary to sustain the action, "any acts or words used by the defendant, tending to prove a malicious intent, it is said are admissible." (2 *Stark. Ev.* 635.) Or, where the words charged in the declaration are equivocal, evidence of subsequent declarations may be received to show the sense in which they were uttered ; and not for the purpose

of proving malice. (*Stuart* v. *Lowell*, 2 *Stark. N. P. C.* 93; 2 *Phil. Ev. 5th Am. ed.* 247.) In the case before us, it is not claimed that the declarations of the defendant were either privileged or ambiguous. I think, therefore, that the judge erred in admitting this evidence. It is immaterial whether the words [162] proved were or were not actionable. There is the same reason for their exclusion in either case; or if there is any distinction they apply with more force to the admission of evidence of words, which the law pronounces indifferent, either in aggravation of damages, or to sustain the allegation of malice.

Other questions were raised, and exceptions taken upon the trial, as to the admissibility of testimony, but as the points contain no reference to these exceptions, and as the judgment must be reversed for the cause suggested, they have not been considered, and no opinion is expressed in reference to them.

Judgment reversed.