ALBERT AUSTIN *vs.* WILLIAM H. REMINGTON.

The defendant in an action for a libel claimed that certain letters charged as libelous were written and sent in good faith, and without malice, and were privileged communications. Held that another letter, written two years afterwards, referring to the plaintiff and the same transaction, and substantially repeating the same charge, was admissible for the purpose of showing actual malice.

ACTION for a libel, brought to the Superior Court in Hartford County, and tried to the jury on the general issue, with notice, before *Beardsley, J.*

The libelous matter charged consisted of several letters written by the defendant to certain charitable societies, with regard to the management by the plaintiff of the estate of Betsey Hanchett, in which they had an interest as legatees. The defendant having obtained a verdict the plaintiff moved for a new trial for error in the exclusion by the court of a letter offered by him in evidence, and which was written about two years after the publication of the libelous matter. The point decided will be sufficiently understood from the opinion without a fuller statement of the case.

*F. Chamberlin* and *E. S. White*, in support of the motion.

*H. S. Barbour* and *H. C. Robinson*, contra.

PARK, C. J.   We think the letter ruled out by the court below ought to have been received in evidence, as tending to prove malice on the part of the defendant when he published the articles set forth in the declaration which were claimed to be libelous.   The defendant admitted upon the trial that the expression in the letter, "Miss Betsey fell among thieves while living, ditto after she was dead," was written and published concerning the plaintiff.   This is substantially a repetition of the charges made in the publications set forth in the declaration.   The plaintiff is there represented as conducting the business of Miss Hanchett "on the Boss Tweed and Boss Shepard plan;" it is stated that "her money had disappeared

through him at the rate of $500 per month;" "that $1,000 of United States bonds had disappeared;" that "$700 secured on bond and mortgage had been collected and put where it would be safe, and had never been heard from since;" that the estate "was as good as $800 or $1,000 a year to him for the last six years, and he would be glad to get $2,000 or $3,000 more out of it."

Thus the plaintiff is accused of plundering the property of Miss Hanchett while living, and her estate when dead, and the accusation made in the letter in question is of the same character.

But the defendant claimed to have proved upon the trial, that the accusations were substantially true; that the relation he bore to the estate of Miss Hanchett as her administrator with the will annexed, and the relation which the plaintiff sustained to the parties to whom the communications were sent, required that they should be informed of the conduct of the plaintiff as their agent regarding the estate; that the communications were made by the defendant in good faith and in the belief that they were true, and that it was his duty to send them; and that therefore they became confidential and privileged.

The defendant did not give notice under the general issue that the representations were literally true. He substantially admitted that they were overwrought and exaggerated, and required some allowance to be made "for the style of confidential communications." He could not therefore make full defence upon the ground that they were true, but he relied for his defence upon the fact that they were made in good faith, and without malice, and were privileged communications substantially true. Such being the case, the letter in question, tending to rebut such claim, was clearly admissible upon the authority of text writers and adjudged cases upon the subject. Greenleaf in his work on Evidence, Vol. 2, § 418, says:—"But if the circumstances of the speaking and publishing were such as to repel the inference of malice, and exclude any liability of the defendant, unless upon proof of actual malice, the plaintiff must furnish such proof. * *

To this end he may give in evidence any language of the
defendant, whether oral or written, showing ill will to the
plaintiff, and indicative of the temper and disposition with
which he made the publications; and this whether such lan-
guage was used before or after the publication complained of."
Again he says, Vol. 3, § 168, "Where the publication is only
primâ facie privileged, as in the case of a character given of
a servant, or of advice confidentially given, or the like, the
defense of privilege may be rebutted by proof of actual
malice."   Addison in his work on Torts, Vol. 2, p. 978, says:
"Thus it may be shown that the defendant has at other and
subsequent times published other libelous matter relating to
the subject.      *      *      A long practice of libeling the
plaintiff may show in the most satisfactory manner that the
defendant was actuated by malice in the particular publica-
tion.      *      *      The circumstance that the other libels
are more or less frequent, or more or less remote from the
time of the publication of the libel in question, merely affects
the weight, not the admissibility of the evidence."   In *Mor-
gan* v. *Livingston*, 2 Richardson, 585, the court say, "Any
evidence which goes to show that the slander has again and
again been repeated is competent to prove malice.   The
greater length of time in which the defendant has repeated
his publications evinces that his words have not been the
result of passion, and shows deliberate purpose to injure the
plaintiff."   In *Williams* v. *Miner*, 18 Conn., 464, the court in
discussing this subject say:—"If the last words did not in
terms refer to the first, they referred to the same transaction
and repeated the charge of the same crime; they were in
effect a repetition of the same slander; showing that the
same motives which induced the original defamation were
continued and cherished."   And the court, after reviewing
the authorities on the subject, go on to say: "A review of all
the cases on this subject which have fallen under our notice,
makes it clear to us that when the subsequent words impute
the same crime, or may fairly be said to be equivalent to a
renewal of the same defamatory charge as those already
proved, they may be admitted as legitimate evidence of the

original malice of the speaker." The cases of *Swift* v. *Dick-erman*, 31 Conn., 285, and *State* v. *Riggs*, 39 Conn., 498, sustain the same doctrine.

But the defendant says that the offer .to introduce the letter in evidence after the plaintiff had rested his case, and at the close of the cross-examination of the defendant, was out of order, and its admission at this time was discretionary with the court. There would be force in this claim if the rejection of the evidence had been put upon that ground. It had been rejected before, but the defendant admitting at this time that the offensive language contained in the letter applied to the plaintiff, it was offered again, and again the defendant objected to its admissibility, on the ground that it was not legitimate evidence, and again the court ruled it out on that ground, as clearly appears by the motion. The discretion of the court was not exercised in the matter.

But the ruling of the court.in the first instance was errone-ous. There is enough in the letter when taken in connection with the publications declared upon, to show quite clearly that the offensive language it contains was applied to the plaintiff, and must have been so understood.

We advise a new trial.

In this opinion the other judges concurred.