EMMA K. ENOS, Respondent, *v.* JOHN A. ENOS, Appellant.

*Court of Appeals, October 4, 1892.*

1. *Evidence. Slander.*—In an action for slander, proof of a repetition of the slander charged in the complaint, made by the defendant before the commencement of the action, is admissible as bearing upon the degree of malice which actuated him in speaking the words laid, provided they impute the same and not a different charge, or a charge of a different nature.
2. *Same.*—Provided the words are a repetition of the same calumny, the particular form of words in which the repetition is clothed is immaterial.
3. *Same.*—The words, so proved as repetitions, do not, *it seems*, furnish an independent cause of action, and no recovery can be based solely upon them.
4. *Same.*—Where the action is based upon words charging a married woman with unchastity, it is competent for her to prove, as bearing upon the question of damages, that she has a family of young children.

Appeal from judgment of the supreme court, general term, fifth department, affirming judgment for plaintiff.

*John Gillette,* for appellant.

*Huson & Dwelle,* for respondent.

ANDREWS, J.—The words proved by the witness Burt imputed a charge of unchastity, and were, we think, admissible under the rule which permits proof of a repetition by the defendant before the commencement of the action of the slander charged in the complaint, as bearing upon the degree of malice which actuated him in speaking the words laid. Root *v.* Lowndes, 6 Hill, 518; Howard *v.* Sexton, 4 N. Y. 157; Frazier *v.* McClosky, 60 Id. 337. The words

testified to by Burt are not the same words, nor substantially the same words laid in the complaint, but they were of the same import, or at least the jury might so find. They would not under the rules of pleading; if they had been relied upon to sustain the action, have been provable without an amendment of the complaint, because the words laid must be proved in substance, and different words, although imputing the same charge, but entirely different language, will not support the complaint.

But where the object of proving other words is to show the malicious intent of the defendant in speaking the words laid, then, provided they impute the same, and not a different charge, or a charge of a different nature, there seems to be no reason for excluding them in view of the general rule and the purpose for which repetitions are admissible. If the words are a repetition of the same calumny, the particular form of words in which the repetition is clothed would seem to be immaterial. They would equally bear upon the malice of the defendant as if the repetition was verbally exact, and I perceive no reason why their proof in an action would not bar another action by the plaintiff founded thereon, to the same extent as if the words were identical. See Root *v.* Lowndes, *supra.*

We think the trial judge erred in his charge to the jury in respect to the evidence of Burt. He dwelt at considerable length upon it, and in such terms instructed the jury that if they found that the defendant intended by the words to charge the plaintiff with unchastity, they might base their verdict upon them. The words, as has been said, did not sustain the complaint. They were not the words counted on, nor substantially similar words. They were admissible, as has been stated, as bearing upon the degree of malice of the defendant in speaking the words in the complaint. But the authorities are uniform that words proved as repetitions of the slander charged are not an independent ground of action in the case and that no recovery can be had for utter-

ing them. They reflect upon and strengthen the claim for damages on account of the words charged. If the defendant had excepted to the part of the charge referred to, or in any other way had raised the question by a proper exception that the jury had no right to regard the words sworn to by Burt as a ground or cause of action, the point would have been well taken. But we do not find that the point was raised.

After the evidence of Burt had been given and the defendant's counsel had cross-examined the witness, he asked that the evidence should be stricken out, upon the grounds that the statement proved was not alleged in the complaint and that it was not a statement alleging unchastity. The court denied the request and exception was taken. Before Burt was examined, words charged in the complaint had been proved in substance, and Burt's testimony was competent as a repetition, and they did amount to a charge of unchastity. The court might properly refuse to strike out the testimony. The only exception to the charge is stated in the case as follows : " Counsel for the defendant excepted to the charge that the jury might pass upon what the defendant intended by the words sworn to by Burt, and to all that was charged upon the subject." This manifestly did not call the attention of the court to the error to which we have referred.

There were some other exceptions taken on the trial. Some were taken to questions asked witnesses as to what was said by the defendant in their presence at a time and place stated, and the objection preceded the giving of the evidence. It is now claimed that the complaint did not allege with sufficient particularity time, place and circumstances in connection with the speaking of the words charged, and that no proof thereunder could be given, and the exceptions now referred to were doubtless based upon this view.

We think the complaint was sufficiently definite, and if for any reason the defendant desired a fuller statement of

the circumstances, his remedy was by motion, and he could not exclude the evidence by objection taken on the trial. It was competent to permit proof that the plaintiff had a family of young children, as bearing upon the question of damages. It certainly was a serious aggravation that the words were spoken of a mother having children who would be disgraced by such a charge. See Townshend on Slander, § 391, and cases cited. The rule that the wealth of a defendant cannot be shown in aggravation is based upon the fact that that circumstance has no relation to the injury suffered by the plaintiff. See Myers *v.* Malcolm, 6 Hill, 292. We find no exception justifying a reversal of the judgment.

The judgment should be affirmed.

Judgment affirmed, with costs.

All concur.