### FRANK A. CONANT *vs.* SAMUEL C. LESLIE, JR.

### Androscoggin.    Opinion January 12, 1893.

*Slander.   Malice.   Evidence.*

In an action of slander, for the purpose of showing malice, the utterance
of the slanderous charge on other occasions, either prior or subsequent to
the time laid, is competent as showing that the words charged were spoken
maliciously and thus tended to aggravate the wrong and injury for which
the plaintiff seeks to recover compensation.

But evidence of a charge of a different nature, or of a different and distinct
calumny at a different time from that alleged, is inadmissible to prove malice
or for any purpose.

ON MOTION AND EXCEPTIONS.

This was an action on the case to recover damages for alleged
slanderous words claimed by the plaintiff to have been spoken
of and concerning him by the defendant. The verdict was for
the plaintiff in the sum of $254.25, and the defendant presented
the case upon exceptions and a motion for a new trial.

*McGillicuddy and Morey*, for plaintiff.
*J. W. Mitchell* and *F. L. Noble*, for defendant.

FOSTER, J.   This is an action of slander in which it is alleged
that the defendant uttered of and concerning the plaintiff the

following false, scandalous and defamatory words : "He stole one thousand dollars from the M. and M. Lodge."

The plaintiff in his evidence in chief offered the testimony of one Arion C. Pierce to a conversation between the witness and defendant at Old Orchard about two months prior to the slander complained of. It was not offered by counsel, or admitted, in support of a substantive charge upon which the plaintiff claimed to recover, but as showing the motive or malice of the defendant, and for such purpose only. But to its admission we think the defendant's objection must be sustained.

The slander relied upon, as appears from the evidence, related to the fact that the plaintiff had applied to the lodge of Odd Fellows, of which he was a member and one of the trustees, for a loan of money and that he had received twenty-five hundred dollars, — the defense claiming that the application made by the plaintiff was for fifteen hundred dollars only.

The testimony of Pierce introduced a conversation concerning an alleged embezzlement of $6,000 by Emery, the financial secretary of the lodge, and in that conversation at Old Orchard, the witness, speaking of the defendant, says : "He said to me that he believed that Mr. Conant was in league with Mr. Emery in regard to taking the money from the lodge. *Question.* Did he refer to Mr. Emery who was guilty of embezzling a large sum of money from the lodge? *Answer.* He did."

The reference is to a transaction entirely separate and distinct from that which formed the basis of the plaintiff's claim for damages, — to a separate and distinct calumny,— and was not a repetition of the words set out as constituting the offense charged, or words even of similar import.

It has now become too firmly settled to be questioned that, for the purpose of showing malice, the utterance of the slanderous charge on other occasions, either prior or subsequent to the time laid, is competent as showing that the words charged were spoken maliciously and thus tended to aggravate the wrong and injury for which the plaintiff seeks to recover compensation. But it is also as firmly established by the weight of modern authority that evidence of a charge of a different nature, or of

a different and distinct calumny at a different time from that alleged, is inadmissible to prove malice or for any purpose. It. forms the basis of an independent action, and if allowed in evidence might afford double damages.

.This question arose and was considered in Massachusetts in· the early case of *Bodwell* v. *Swan,* 3 Pick. 376, and which was. followed and sustained by the later case of *Watson* v. *Moore,*. 2 Cush. 133. This was an action for slander in charging the· female plaintiff with the larceny of two beds from the defendant's. attic and selling them to a peddler. The plaintiff offered to prove, as showing malice on the part of the defendant, that he· had subsequently made complaint against the plaintiff before a magistrate for stealing a lot of wood and old iron from the· defendant, and the court say : "The doctrine of *Tate* v. *Humph- rey* (2 Campb. 73 note), as thus stated, was recognized and acted. upon in *Bodwell* v. *Swan,* 3 Pick. 376, upon a considerate· examination of all the authorities, English and American, which. had then been published ; and the court decided that a repetition of the words for which the action was brought, or the uttering: of words of similar import, might be given in evidence to show that the first uttering was malicious. But the court also declared. that they could go no further, and that they could not permit a distinct calumny, uttered by the defendant, to be given in evi- dence to show his malice in speaking the words for which the· action was brought. We adhere to the declaration then made ;. and as in the case before us, the defendant was sued for charging· the female plaintiff with stealing beds, evidence of his having. subsequently charged her with stealing other articles at a differ- ent time, was not admissible."

These decisions have been subsequently approved by the same court in several cases. *Commonwealth* v. *Damon,* 136 Mass. 441, 448, and cases cited. And the same doctrine has been adhered to in other courts, and by the text writers. *Howard* v. *Sexton,* 4 N. Y. 157 ; *Randall* v. *Buller,* 7 Barb. 260 ; *Delegal* v. *Highley,* 8 C. & P. 444 ; *Root* v. *Lowndes,* 6 Hill, 519 ; *Mix* v. *Woodward,* 12 Conn. 262 ; Townshend on Slander, § 392 ; 13 Am. & Eng. Ency. 428.

The decisions of our own court have never been at variance with this rule of practice whenever the question has arisen. *Smith* v. *Wyman*, 16 Maine, 13 ; *White* v. *Sayward*, 33 Maine, 322 ; *True* v. *Plumley*, 36 Maine, 466, 478.

The fact that the defendant on a different occasion, in a conversation charged the plaintiff with criminal malfeasance in his office of trustee, at an entirely different period of time and in league with another person who was guilty of embezzlement of several thousand dollars, is a different and distinct calumny, and not a repetition of the charge set forth that the plaintiff stole a thousand dollars from the lodge on a different occasion.

The evidence having been offered for the express purpose of showing malice, and so received, as appears from the case and the closing paragraph of the judge's charge, was inadmissible.

It is unnecessary to consider the other exceptions, or the motion for a new trial.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.