HATTIE WILLARD *v.* E. F. NORCROSS.

January Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 16, 1907.

*Physicians and Surgeons — Malpractice — Evidence — Wilful Injury—Subsequent Manifestations of Ill Will.*

Evidence of a subsequent manifestation of ill will is inadmissible, unless it tends to prove the existence of ill will at the time in question; and it does not so tend unless there is some connection between the subsequent occurrence and the prior transaction which it is claimed to characterize.

In an action against a physician for malpractice in the treatment of plaintiff's wrists, evidence of defendant's acts of incivility toward plaintiff, more than five months after the treatment had ceased, is inadmissible to prove defendant's ill will at the time of the treatment.

In an action against a physician for malpractice in the treatment of plaintiff's wrists, evidence of defendant's manifestations of ill will toward plaintiff, beginning five months after the treatment had ceased, is inadmissible to prove that the alleged malpractice was intentional. *Gifford* v. *Hassam*, 50 Vt. 507 and *Knapp* v. *Fuller*, 55 Vt. 311, distinguished and explained.

.     Case for malpractice.  Plea, the general issue.  Trial by jury at the October Term, 1905, Essex County, *Powers, J.*, presiding.  Verdict and judgment for the plaintiff.  The defendant excepted.

The plaintiff testified that she did not claim that the defendant failed to treat her wrists properly because of any ill feeling or malice toward her, but that his negligence was because "he didn't know any better."  The plaintiff did not claim any exemplary damages, and requested the court not to submit that question to the jury.

The defendant, under V. S. 1662, also brought a petition for a new trial on the ground of newly discovered evidence, to the Supreme Court for the county of Essex at its October Term, 1906.  This petition was heard with the defendant's exceptions.

*J. W. Redmond* for the defendant.

*Herbert W. Blake* for the plaintiff.

MUNSON, J.   The suit is for malpractice in the treatment of plaintiff's wrists.   The declaration contains a count charging intentional injury.  To prove defendant's animus, the court received evidence that he treated the plaintiff discourteously after his attendance had ceased.  As the case stood, this was error.

The defendant's connection with the case ended in January, and the incidents testified to occurred later than May.  The plaintiff's statements, as detailed in the exceptions, are substantially these.  She met the defendant once on the overpass, and he turned around and faced her, and acted as though he was going to block her way, and she walked right towards him, and he turned around and went off; nothing being said

by either. Another time, she met him on the sidewalk in front of the post-office, where she considered there was room enough for him to pass, and he ran against her, hitting her shoulder and turning her around, and said nothing by way of excuse or otherwise. On another occasion, he stood on the threshold of the post-office, and wouldn't move for her, and she had to squeeze by him. There is nothing else in the case tending to show ill will.

It is true that evidence having a legitimate tendency to show the defendant's animus in the matter complained of may be found in things subsequently said and done. Thus, in suits for malicious prosecution, the plaintiff may show measures taken to give publicity to the commencement of the prosecution, or acts of hostility committed during its pendency. *Chambers* v. *Robinson,* 1 Stra. 691; *Cooney* v. *Chase,* 81 Mich. 203; *Gifford* v. *Hassam,* 50 Vt. 704. So in suits for slander, the plaintiff may show subsequent repetitions of the words declared upon, or the speaking of words of like import, or of words having reference to the subject-matter of the words charged. *Cavanaugh* v. *Austin,* 42 Vt. 576; *Rea* v. *Harrington,* 58 Vt. 181, 2 Atl. 475; *Smith* v. *Moore,* 74 Vt. 81, 52 Atl. 320; *Brown* v. *Barnes,* 39 Mich. 211; *Garrett* v. *Dickerson,* 19 Md. 418; *Kennedy* v. *Gifford,* 19 Wend. 296; *Chamberlin* v. *Vance,* 51 Cal. 75. So also in actions for libel, the plaintiff may show a subsequent publication referring to the one in suit, or connecting the plaintiff with it, or repeating the same charge. *Knapp* v. *Fuller,* 55 Vt. 311; *Austin* v. *Remington,* 46 Conn. 116; *Delegall* v. *Highley,* 8. C. & P. 444. Some courts go further, and receive evidence of subsequent distinct and independent defamations. Other courts hold such evidence inadmissible. *Mix* v. *Woodward,* 12 Conn.

262; *Watson* v. *Moore,* 2 Cush. 133; *Parmer* v. *Anderson,* 33 Ala. 78; See *Conant* v. *Leslie,* 85 Me. 257.

All the decisions of this Court relied upon by the plaintiff which seem to require consideration are included in the above citations. A further reference to two of them is desirable. It was held in *Knapp* v. *Fuller,* that a certain conversation had with the defendant, in which he manifested a hostile feeling towards the plaintiff, was admissible. In that case the defamatory words themselves afforded evidence of malice, and the conversation shown occurred only a few days after their publication and evidently before a second publication in which the plaintiff was connected with the first by name. A conversation corroborative of the malicious import of the publication declared upon, and coming between that and a subsequent affirmance of it, might well be held admissible. It was said in the opinion in *Gifford* v. *Hassam,* that evidence of the defendant's ill will just before and just after the prosecution was commenced was admissible to show his feeling at the time it was commenced. The acts shown were successive attachments of the plaintiff's property, made and procured to be made by the defendant while the prosecution was pending. Here the pendency of the prosecution afforded a connection between the subsequent acts and the wrong complained of. The defendant's attempts to burden the plaintiff further during the pendency of a prosecution he had procured, manifestly tended to charge him with malice in procuring it. We find nothing in these cases that sustains the admissibility of the evidence in question.

It is said that exhibitions of ill will occurring before and after the act are equally admissible. But the considerations bearing upon their admissibility are not necessarily the

same; and in considering the subject for our present purpose we have referred only to cases of the latter class. It is true that the evidentiary effect of both prior and subsequent animosity depends upon a supposition of its duration. But the question in one case is whether the animosity continued to the time of the transaction; in the other, whether it existed as early as the transaction. The inquiry regarding subsequent animosity involves the question of its origin. Hostility manifested after the act complained of may have resulted from any difficulty preceding the manifestation; and it can be evidence of malice in the act complained of only upon the theory that it originated before the act. Viewed solely in their relation to time, things prior and things subsequent appear as causes and effects. Prior malice may be the cause of a wrongful act in the matter complained of, and subsequent malice may be the result of something else that occurred in or flowed from it. Ill will may be developed in one by an affair in which he acted without malice.

Evidence of a subsequent manifestation of ill will is not admissible unless it tends to prove the existence of ill will at the time in question. It is clear that there must be some connection between the subsequent occurrence and the prior transaction which it is claimed to characterize. But a sufficient connection may be found in a variety of circumstances. Subsequent expressions of ill will may often be received in support of some evidence of malice afforded by the transaction itself. Manifestations of ill will occurring after the transaction may be shown in connection with manifestations occurring before, as tending to show a continued ill will covering the time of the transaction. Subsequent verbal expressions of ill will may themselves serve to connect the ill will with the matter complained of,

as in cases of slander and libel. The nature of an
unspoken manifestation may be such as to connect the ill will
with the affair in question; as where one of two women occu-
pying apartments in the same house inflicted upon the other
what she claimed was an accidental injury, and did not go to
see or inquire about the injured person, although she was for
some time confined to her bed and attended by a physician.
*State* v. *Alford,* 31 Conn. 40. The inferences arising from
proximity of time and the nature of the manifestation may
afford a sufficient connection; as where one who had injured
his opponent in a fight by throwing a dangerous missile,
sought him half an hour later, pistol in hand, threaten-
ing his life. *McManus* v. *The State,* 36 Ala. 285. Repeated
acts of the same general character as a prior act, manifesting a
settled and persistent purpose to injure, may be shown to
prove malice in the prior act; as where the publisher of a
newspaper followed the article declared upon at frequent in-
tervals with other articles, containing attacks regarding dif-
ferent matters, and together manifesting a purpose to bring
the plaintiff into contempt. *Commonwealth* v. *Damon,* 136
Mass. 441.

We find nothing in the cases to indicate that subsequent
unconnected expressions of dislike are admissible as proof
that an act in itself lawful was improperly done because
of malice. We have here nothing more than an opportunity
to do a malicious injury in January, and manifestations of ill
will commencing five months later. There is nothing in this
that tends to show that such improper surgical treatment as
there may have been was intentional.

The claim of malicious injury was finally waived, but the
evidence was prejudicial upon the issues submitted.

*Judgment reversed and cause remanded.*

The petition for a new trial is not sustained, and is *dismissed with costs.*