MARY B. DISTIN, Respondent, *v.* HILEND B. ROSE, Appellant.

In an action brought under the statute " providing redress for words imputing unchastity to a female " (chap. 219, Laws of 1871), plaintiff is not confined to proof of the charge set forth in the complaint; but evidence is competent of words spoken by defendant at any time before the commencement of the action, repeating substantially the same charge.

Where a witness called for plaintiff in such an action to prove the slanderous words in answer to a question upon cross-examination, as to whether he did not swear, upon another occasion, that he had never heard anybody speak disrespectfully of planintiff, stated without objection what he did swear to, *held*, that it was competent for plaintiff's counsel, on redirect-examination, to examine him upon that subject.

Statement of case.

Plaintiff, at the time of the speaking of the alleged slanderous words, was engaged as a school teacher. After a witness had stated on the trial that an appeal had been taken to the State superintendent of public instruction from a decision of the school commissioner in proceedings to remove the plaintiff, her counsel asked whether the commissioner or superintendent decided to remove her; this was objected to and excluded. Said counsel then asked whether plaintiff remained teaching after such decision; this was objected to generally, and objection overruled. *Held*, no error; that the objection did not present or call for a decision as to the form of the question; and that the fact proved was not rendered incompetent, because inferentially it might tend to establish what the decision was.

After the court had charged, upon request, "that the burden of proof is on the plaintiff to prove the charge alleged," it refused to add the words, "and over and beyond the evidence given on the part of the defendant." *Held*, no error; that the refusal to charge might be justified on the ground of uncertainty as to the meaning of the request; but that the charge as made covered the whole case.

Errors in a refusal to charge must be shown affirmatively, and can only be predicated upon a refusal to charge some specific proposition.

Where an answer in an action of slander alleges, in justification, the truth of the words spoken, it is not error for the court to refuse to charge, as matter of law, that the answer cannot be considered by the jury to enhance the damages.

Notwithstanding the change effected by the Code in allowing facts adduced for the purposes of justification, although insufficient for that purpose, to be used in mitigation of damages, still, where there is an entire failure of proof to sustain the charge contained in the alleged slanderous words, and the circumstances evince that the reiteration of the slander in the answer was done maliciously, and without probable cause for believing it true, it may be considered by the jury upon the question of damages.

*It seems*, however, that this rule should be confined to cases of bad faith in incorporating the justification in the pleadings.

(Argued February 22, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Mem. of decision below, 7 Hun, 83.)

This action was brought under the statute "providing relief for words imputing unchastity to a female." (Chap. 219, Laws of 1871.)

The facts appear sufficiently in the opinion.

*H. A. Nelson*, for the appellant. It was error to allow plaintiff to prove another and distinct conversation or cause of action than that alleged in the complaint. (*Howard* v. *Sexton*, 4 N. Y., 157; *Titus* v. *Sumner*, 44 id., 266; *Root* v. *Lawndes*, 6 Hill, 518; 60 N. Y., 337.) No malice or special damages were necessary to be proved to sustain the action. (1 Laws 1871, chap. 219, § 1, p. 488.) The submission to the jury of the question whether the justification in the answer should enhance the damages was error. (Code, § 165; *Wachter* v. *Quinger*, 29 N. Y., 551; *Bush* v. *Prosser*, 11 id., 347; *Bisbey* v. *Shaw*, 12 id., 67; *Frazier* v. *McCloskey*, 60 id., 337.)

*A. Anthony*, for the respondent. Proof of a repetition of the slander to persons who did not hear the slander averred in the complaint was proper. (44 N. Y., 266; *Fry* v. *Bennett*, 28 id., 324; *Basset* v. *Elmore*, 48 id., 564; *Johnson* v. *Brown*, 57 Barb., 118.) It was proper for the jury to consider in fixing the damages the justification pleaded in the answer. (*Southard* v. *Rexford*, 6 Cow., 254; *Thorne* v. *Knapp*, 42 N. Y., 474.)

CHURCH, Ch. J. There are several errors alleged to have been committed on the trial, which will be briefly noticed. It is insisted that the court erred in receiving evidence of the second conversation, in which defendant repeated the slanderous words. The complaint contained but one count, and the alleged slander consisted in charging the plaintiff in substance with being a prostitute. In the second conversation, the same charge was substantially repeated, but this was before the commencement of the action. No error was committed in receiving the evidence. The action was for damages for injury to the plaintiff's character by asserting that she was unchaste and a prostitute. The repetition of the words, and the publicity and circumstances of their utterance, were proper to show the motives of the defendant and extent of the injury. The rule on this subject may, I think, be regarded as settled in this State.

First. It is competent to prove the speaking of the same words charged in the complaint, at a period so long prior that the statute of limitations would be a bar to an action. (44 N. Y., 266.)

Second. A repetition of words, imputing the same charge, alleged in the complaint to have been made, may be proved to have been spoken at any time before the commencement of the action, but not words imputing a different charge. (6 Hill, 518; 4 N. Y., 161.)

Third. Nor can the same words be proved to have been uttered after the commencement of the action. (60 N. Y., 337.)

On the cross-examination of a witness produced by the plaintiff, who had testified to some of the slanderous words, he was asked whether he did not swear on a certain occasion, before the school commissioner, that he had never heard any body speak of this woman disrespectfully, and answered, "I don't know that I did; I might have said that I never heard any body speak against her until after she was hired; I might have said that." On redirect-examination the witness was asked to state what he did say on that occasion, which was received under objection and exception. The exception was not well taken. The witness had stated, on examination by defendant's counsel, what he did say, without objection, and it was therefore competent for the plaintiff's counsel to interrogate him on the same subject. If the witness had categorically denied using the language imputed to him, there would have been legal propriety in preventing the plaintiff from introducing his evidence before the commissioner, but after having permitted the witness to state it, it was the right of the plaintiff to follow it up by further examination.

After a witness had stated that an appeal had been taken to the State superintendent of public instruction, from the decision of the school commissioner upon proceedings to remove the plaintiff as a school teacher, the plaintiff asked whether either the commissioner or superintendent decided

to remove her. This was objected to, and the objection sustained. The plaintiff then asked the witness whether the plaintiff remained teaching there after the decision, and the answer was received under objection and exception. The objection was general. It did not specify as a ground that the question assumed a fact not proved, and was for that reason inadmissible. If such an objection had been made, so that the attention of the court had been called to it, the presumption is, that the form of the question would have been varied. At all events the court did not pass on the form of the question in this respect. The fact that the plaintiff remained teaching after the decision, was competent, and is not rendered incompetent because inferentially it might tend to establish what the decision was. The objection urged is, that the plaintiff accomplished indirectly what he could not by parol prove directly. This is often done at the trial courts, and if no rule of law is violated as to facts proved, it is not legally objectionable.

The court charged, upon request: "That the burden of proof is on the plaintiff to prove the charge alleged against this defendant affirmatively," but refused to charge the words, "and over and beyond the evidence given on the part of the defendant." It is difficult to understand what was intended by this request, and the refusal to charge it may be justified on the ground of its uncertainty. If it was intended to request a charge that the plaintiff held the affirmative of the issue throughout the trial, and that after considering all the evidence, as well that produced by the defendant as the plaintiff, the jury must, in order to find a verdict for the plaintiff, be satisfied that the cause of action was sustained, then it was right, and a refusal to so charge would have been error. But if this was the intent of the request it was not so expressed. Errors must be shown affirmatively, and cannot be predicated, except upon a refusal to charge some specific proposition.

The charge made in legal effect covered the whole ground, that the burden was on the plaintiff to prove the charge

affirmatively.   The jury must have understood that this remark embraced the whole case, and all the evidence given. The court, doubtless, so intended it, and therefore supposed that the words quoted meant something else.

The defendant's counsel requested the court to charge as follows :  " There is nothing in the defendant's answer herein to enhance the plaintiff's damages," to which the court answered,  " that is for the jury to say."   The exception was to not charging in the language of the request.   The court had before charged that although there was not sufficient justification established, yet that the jury might consider all the facts and circumstances in mitigation of damages.·  The answer of the court to the request  probably referred to this part of the charge, which was right, and favorable to the defendant, and it can scarcely be affirmed that there was a refusal to charge — certainly not in express terms.   But waiving that, it was not error to refuse to charge as matter of law that there was nothing in the answer which the jury might consider to enhance the damages.   The words proved to have been spoken imputed unchastity by the most offensive epithets.   The answer alleged in express terms that the charge was true, and then specified facts that she had lived with a man as his wife, knowing that he had at the time another wife living.   If there was an entire failure of proof to sustain the charge, and the jury believed that it was inserted in the answer wantonly or maliciously, and without probable cause for believing it true, they might consider it upon the question of damages, and it was right, therefore, to decline, as matter of law, to charge that they could not so consider it.   There was no intimation in this refusal that in this case they ought to so consider it, and the charge on the contrary intimated that the facts proved ought to be considered in mitigation of damages.

The Code has made this change in the law as it previously stood, that although the justification is not sustained, yet the facts adduced for that purpose may be used in mitigation of damages, if they tend to show good faith or a belief in the

truth of the words uttered. But when there is a total failure of proof tending in this direction, and the circumstances evince malice in reiterating the slander in the pleadings, it is allowable for the jury to take that circumstance into consideration. (*Thorn* v. *Knapp*, 42 N. Y., 474, and cases cited.) I see no difference in principle whether the action be breach of promise or slander. If a defendant in the former case takes advantage of his position as a party to maliciously invent a slander and spread it upon the record, or in the latter to repeat one already invented, makes no difference. The law will not justify either. This rule should be applied with care and moderation, and I think should be confined to cases of bad faith in incorporating the justification in the pleading, and this can scarcely be said to be true under the Code, when the facts proved ought legitimately to go in mitigation of damages, because it seems incongruous to say that a failure to establish a justification may enhance the damages, and yet the facts proved under it may mitigate them. It is unnecessary to say that this was a case for enhancing damages by reason of the facts alleged in the answer. That depended upon the view which the jury might take of the evidence, but it was not error to decline to charge as a question of law, that it was not.

The judgment must be affirmed.

All concur.

Judgment affirmed.