,DOE, BY HER GUARDIAN AD LITEM, RESPONDENT, *v.* ROE, APPELLANT.

*Slander — when the opinion of a witness as to the apparent pregnancy of the plaintiff is admissible — when the failure of the plaintiff to prove a justification will not authorize the increase of the damages by the jury.*

In an action for slander in imputing unchastity to the plaintiff, an unmarried woman, the defendant, in addition to a justification, pleaded facts tending to mitigate the damages, and alleged, among other things, an increase in the size and a change in the physical appearance of the plaintiff, such as induced him to believe that she was pregnant. Upon the trial a woman, who had borne children, and had had an opportunity to see the plaintiff, was asked whether she appeared as women do when they are pregnant, as to her physical appearance:

*Held,* that the court erred in excluding the question, as it was admissible in mitigation of damages.

Among other mitigatory facts the defendant alleged that the plaintiff and a certain man, on a social occasion, went out of the house and remained together for some time ; that subsequently the plaintiff had a cessation of her *menses ;* that she increased in size till a time about nine months after that occasion and

was then ill ; that after that illness her size decreased. Evidence tending to prove the truth of these allegations was given. The young man testified that nothing improper occurred, and evidence was given tending to show that her increased size was due to causes in no way affecting the plaintiff's chastity, and that she had never been pregnant. The court charged that if the defendant sets up a justification "without knowing that he will be able to prove it, and without exercising ordinary prudence and care in ascertaining the truth, so as to enable him to determine with reasonable certainty whether it is true ; if he does it carelessly, recklessly and in bad faith, with a view to harass and injure the plaintiff in his case, then it may be taken by the jury to augment the damages."

*Held,* that as there was not a total failure of proof on the part of the defendant, and as the facts might be proved in mitigation of damages under section 535 of the Code of Civil Procedure, the court erred in so charging.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for an alleged slander. The complaint claimed $4,000 damages. The jury rendered a verdict in her favor for $4,500, $500 of which was remitted by the plaintiff.

*Edwin D. Wagner,* for the appellant.

*F. R. Gilbert,* for the respondent.

LEARNED, P. J.:

In this action for slander in imputing unchastity to an unmarried woman, the defendant, in addition to a justificatiõn, set up in mitigation many alleged facts which tended to induce in his mind the belief of the charge made by him. Among other alleged facts was such an increase in size and such a change in physical appearance as induced the belief that plaintiff was pregnant. It is unnecessary to mention these matters in detail.

On the trial a married woman was asked on defendant's behalf whether the plaintiff appeared as women do when they are pregnant, in regard to her physical appearance. This was objected to as improper, and because the witness was not competent to give an opinion, and was excluded. The witness had herself borne children, and she had been in a situation to see the plaintiff. If it was

proper to have an opinion given on this point, she was competent. In *People* v. *Eastwood* (14 N. Y., 562), it was held to be proper to ask for the opinion of a witness whether a person was drunk, because the matter of fact "is better determined by the direct answer of those who have seen him than by their description of his conduct." So held of the opinion of a witness that the grasp of one man by another was friendly. (*Blake* v. *People*, 73 N. Y., 586.)

The reason of these decisions must be that the appearance consists of many particulars, of which some would be very difficult of description.

Furthermore, in this present case the evidence was offered not merely in justification, but in mitigation of damages. Now, if the appearance of the plaintiff, from any cause, was such that women, who had had experience, would testify that she appeared like a pregnant woman, physically, the testimony certainly was important to mitigate the damages to which the defendant might be subjected. And if the plaintiff insists that the witnesses should have stated the facts in detail, in order that the jury might judge whether plaintiff's appearance was like that of a pregnant woman, it is obvious that no description of enlargement of size and the like would convey an accurate idea of the plaintiff's whole appearance. We think, then, that at least in this case, where the defendant sought to mitigate the damages by showing such an excuse for his utterances (even admitting that they were untrue), he should have been permitted to show, by the opinion of competent witnesses, the appearance of the plaintiff at the time in question. Similar questions were put to other witnesses who had had similar experience to fit them to express opinions; one, especially, who was a nurse and midwife.

The answer, after setting up a justification, alleged certain matters in mitigation. Among those matters are these: the plaintiff and a certain man, on a social occasion, went out of the house and remained together for some time; that subsequently the plaintiff had a cessation of her menses; that she increased in size till a time about nine months after that occasion, and was then ill; that after that illness her size decreased. Now, there was evidence tending to prove these allegations. On the other hand, the young man testified that nothing improper occurred; and there was evidence

tending to show that the increased size was due to causes in no way affecting the plaintiff's character, and that she had never been pregnant.

On this evidence the court charged that if a defendant sets up a justification " *without knowing that he will be able to prove it* and without exercising ordinary prudence and care in ascertaining the truth so as to enable him to determine with reasonable certainty whether it is true; if he does it carelessly and recklessly and in bad faith, with a view to harass and injure the plaintiff in his case, then it may be taken by the jury to augment the damages."

A difficulty arises in applying the doctrine of the Code. (Sec. 535.) This provides that in an action for slander the defendant may prove mitigating circumstances, notwithstanding he has pleaded, or attempted to prove, a justification. And it would, at least, be proper to plead the facts which were to be shown in mitigation.

In *Distin* v. *Rose* (69 N. Y., 122) the court, referring to this rule of the Code, say that " where there is a total failure of proof tending in this direction, and the circumstances evince malice in reiterating the slander in the pleadings, it is allowable for the jury to take that circumstance into consideration." The charge of the learned court in this case went much farther than this careful limitation; and seems to have overlooked the fact that many facts alleged in mitigation had been proved; so that there was not a total failure of proof. And this consideration is very important on this question of malice in the answer.

But again, in the last cited case, the court proceed: " This rule should be applied with care and moderation; and I think should be confined to cases of bad faith in incorporating the justification in the pleading. And this can scarcely be said to be true under the Code when the facts proved ought legitimately to go in mitigation of damages; *because it seems incongruous to say that a failure to establish a justification may enhance the damages, and yet the facts proved under it may mitigate them.*"

As we understand that language, the court say that the old rule can hardly be true, under the Code, *whenever the facts proved ought to mitigate the damages.* There might be a case of total failure of proof tending to support the answer, where the old rule would be applicable, and where damages might be enhanced because

the defendant, without having any proof whatever to sustain the answer, had repeated the slander therein. But that is not this case. There was evidence tending to show the truth of the charge and tending to show that circumstances known to the defendant looked suspicious. Now to say that proof of these circumstances shall mitigate the damages, and that the pleading of them shall enhance the damages, is inconsistent.

It may be admitted (for the jury so found) that the charge made by defendant was untrue. Still he had a right to show the suspicious circumstances. Perhaps he might have pleaded them as a partial defense without a justification. (Code, §§ 536, 508.) But this plea of a justification does not deprive him of the right to these mitigating circumstances. (Code, § 535.) And it is unjust to say that, at the peril of increased damages, the defendant must know in advance whether, on the whole evidence, the jury will find a justification or only a mitigation.

We may refer also to the language of the court in *Klinck* v. *Colby* (46 N. Y., 427), in which it is said: "Where facts in justification of a libel and facts in mitigation of the damages therefrom are pleaded in the same answer, that the allegations in justification, though unproved, *are no longer evidence of malice* to be considered by the jury and taken as enhancing the damages of the plaintiff." On examining the charge in that case, it will be seen that the court had said that the fact of setting up a justification warranted the jury in implying malice.

In the case of *Thorn* v. *Knapp* (42 N. Y., 474) there was a total failure of proof. That is not the present case. On the contrary, as before stated, there were suspicious circumstances which might have induced the defendant to believe the charges made by him. We cannot but think that, in rendering this large verdict, beyond the plaintiff's demand in her complaint, the jury must have been influenced by the idea that although the defendant had proved the mitigating circumstances, yet as he had failed to prove the justification his pleading might be taken to enhance the damages. This case impresses us with the truth of the remark above quoted, that the rule under discussion "should be applied with care and moderation." Everyone who has had experience in cases like the present, knows the danger of prejudice; the temptation to perversion of testimony

and the difficulty of ascertaining the truth and rendering justice to both sides. If the charges were false, it was right that the plaintiff should recover. But if the defendant had been induced to make them by circumstances which he had seen or heard; if he màde them, in giving a reason why, as school trustee, he did not hire the plaintiff for a teacher, then his attempt to justify and to mitigate should not be made the ground for greater damages against him.

We think the judgment should be reversed, a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment and order reversed, new trial granted, costs to abide event.