DENNIS DOYLE, Appellant, *v.* MITCHEL A. C. LEVY, Respondent.

*Slander — evidence admissible — offer to compromise.*

Upon the trial of an action brought to recover damages for an alleged slander, it is incompetent for the plaintiff to prove the utterances of prior slanders, or the publications of prior libels, actions for which are not barred by the Statute of Limitations.

The fact that the defendant offered to compromise a suit is not competent evidence in the case.

The complaint in an action brought to recover damages for an alleged slander, stated that on November 1, 1891, and on March 3, 1892, the defendant, in the hearing of a number of persons, said concerning the plaintiff, "That man Doyle is keeping a disreputable house at No. 34 West Fourth street; I mean by that it is a house of prostitution and especially on the top floor."

The defendant in his answer set up the following defenses : (1) He denied speaking the words; (2) he alleged that the plaintiff at the dates mentioned was keeping a house of prostitution at 34 West Fourth street, and (3) that the defendant was the owner of the premises; that the plaintiff was in possession under a lease from a former owner and that whatever the defendant said in respect to the character of the house was to police officers and to the members of the board of excise and was privileged.

The court refused to permit the plaintiff to prove what the defendant had said about the steps he was taking to break the lease, but there was no dispute on the trial about the fact that the defendant was trying to get rid of the plaintiff as a tenant because of the disreputable character of the house kept by him.

*Held,* that the fact that a witness was not permitted to state precisely what defendant said about the steps he was taking to break the lease did not constitute error.

A witness called by the plaintiff was asked: ''Q. Was there any part of that house so used that anybody could have any belief that it was kept as a disreputable house?" The question was objected to and the objection was sustained.

*Held,* that what anybody could have believed in respect to the house was irrelevant, and that the question on its face was improper.

A witness called by the plaintiff testified that three or four months before the plaintiff took possession of the premises he occupied a portion of them for himself and family, which testimony was objected to, and the objection was sustained and an exception was taken.

*Held,* that it did not appear whether the objection was taken to the evidence which had been given, or the evidence which it was anticipated might be given, and that the court did not err in sustaining the objection.

Also, that it was not error for the court to refuse to strike out the word "solicited" and require a witness to state the precise words used by a female who accosted him.

APPEAL by the plaintiff, Dennis Doyle, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of January, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit ; also, from an order bearing date the 17th day of January, 1894, and entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes, and also from an order made at the New York Special Term and entered in said clerk's office on the 14th day of March, 1894, denying the plaintiff's motion for a new trial on the grounds of surprise and newly-discovered evidence.

*Thomas F. Byrne,* for the appellant.

*Franklin Pierce,* for the respondent.

FOLLETT, J. :

This action was begun March 18, 1892, to recover damages for an alleged slander. It is alleged in the complaint that November 1, 1891, and March 3, 1892 (two causes of action not separately stated), the defendant, in the hearing of a number of persons, spoke concern· ing the plaintiff these words : " That man Doyle is keeping a disreputable house at No. 34 West 4th street ; I mean by that it is a house of prostitution and especially on the top floor." By his bill of particulars the plaintiff substituted for the first cause of

action an alleged libelous letter of October 28, 1891, of the writing of which no evidence was given.

The defendant in his answer set up three defenses: (1) He denied speaking the words; (2) that the plaintiff at the dates mentioned was keeping at 34 West Fourth street a house of prostitution: a justification; (3) that he (defendant) was the owner of the premises; that plaintiff was in possession under a lease from a former owner, and that whatever he said in respect to the character of the house was to police officers and to the members of the board of excise, and was privileged. The plaintiff kept a liquor saloon at No. 34 West Fourth street, which his own witnesses testified was frequented by prostitutes, but they did not testify that the frequenters carried on their occupation in that building.

Without stating the evidence, it fully justified the jury in finding a verdict of no cause of action on the ground that defendant's saloon was the resort of prostitutes and disorderly persons.

The exceptions at folios 58, 64, 67 and 141 are so clearly frivolous as not to require discussion. At folio 70 the court refused to permit the plaintiff to prove what the defendant said about the steps he was taking to break the lease. There was no dispute on the trial about the fact that the defendant was trying to get rid of the tenants in Nos. 34 and 36, occupying under leases from the former owner, because of the disreputable character of the places kept at those numbers, and the fact that one witness was not permitted to state precisely what defendant said about the steps he was taking, was not error. The witness Harmon, called by the plaintiff, who had been employed by the defendant to obtain evidence as to the character of the business conducted at No. 34, testified that he was employed "with regard to the excise ·of No. 34." " Q. What did he say in regard to that ? " This was objected to by the defendant and excluded. What fact the plaintiff proposed to show is not disclosed by the record. On the face of the record it does not appear that the plaintiff proposed to prove any fact relevant to the issue. The witness Haggerty, called by the plaintiff, was asked: " Q. Was there any part of that house so used that anybody could have any belief that it was kept as a disreputable house ? " This was objected to and the objection sustained. This question, on the face of it, is improper. What anybody could have believed in respect to it was

entirely irrelevant. Matthews, a witness called by the plaintiff, testi-
fied that three or four months before the plaintiff took possession of
the premises he occupied a portion of them for himself and family.
An objection was taken to this evidence and sustained, whereupon
the plaintiff excepted. Whether the objection was taken to
the evidence which had been given, or to evidence which
it was anticipated that he might give, does not appear, and
the court did not err in sustaining the objection. The plain-
tiff was asked whether the defendant offered to give him a new
lease if he would discontinue this action, which was objected
to and excluded. It is difficult to see how a proposition to give
a new lease, based upon a settlement of the suit, was compe-
tent. The fact that the defendant offered to compromise the suit
was not competent. The plaintiff was not permitted to testify that
the police captain of the precinct, in the absence of the defendant,
asked to examine the premises to see whether they were disreputably
kept or not. This was an occurrence between others when the
defendant was not present, and was immaterial. Ryan, a witness
called in behalf of the plaintiff, was asked : " Q. In March, 1892,
did Mr. Levy complain to you of No. 36 as being a house of prosti-
tution ?" This was objected to and the objection sustained. The
plaintiff did not occupy No. 36, and this action relates to his con-
duct in respect to No. 34. It was not error for the court to refuse
to strike out the word "solicited" and require the witness to state
the precise words used by the female who accosted him. The words
were not in issue, and it was entirely permissible for the witness to
describe in general terms the conduct of the woman. Whether the
neighborhood of the plaintiff's place of business was frequented by
lewd women was not material. If he harbored them and kept a
place for their resort he was as guilty of keeping a disorderly house
as though his place of business had been in a part of the city not
infested with them. The defendant was permitted to show that
colored women went to and fro between the plaintiff's place of
business and a negro bath house, which, the witness testified, was
reputed to be a disorderly place. The witness described the per-
sons who passed between these places, and his statement that the
bath house was represented to be a "fancy house" does not call for

a reversal of the judgment. The rulings upon the admission and exclusion of evidence, above discussed, are typical of all those urged as erroneous in the brief of the appellant, and we are unable to see that any of them could by any possibility have prejudiced the plaintiff's case.

Prior to May, 1890, the plaintiff occupied No. 30 West Fourth street, and on the twenty-fourth of that month he removed to No. 34, where he kept a liquor saloon for three years. The plaintiff testified : " I first saw Mr. Levy (defendant) about May, 1890, at the Excise Board. He wrote a letter having my license — " At this point an objection was raised which was sustained, and the plaintiff's sentence was not completed. It is not alleged in the complaint that the defendant, in May, 1890, libeled or slandered the plaintiff, and it was incompetent for the plaintiff to prove ·the utterance of prior slanders or the publication of prior libels, actions for which were not barred by the Statute of Limitations. (*Distin* v. *Rose*, 69 N. Y. 122.) The plaintiff did not offer to show that the defendant wrote or said any particular thing to the excise board in May, 1890, or in May, 1891. If the letter was deemed to be competent it should have been offered, so as to enable the court to determine whether it was admissible or not. If the plaintiff wished to show that the defendant entertained malice towards him, he should in some way have indicated that the testimony called for related to that subject. There was no foundation for the plaintiff's motion for a new trial on the ground of surprise or newly-discovered evidence. The defendant justified in his answer the speaking of the words alleged in the complaint, and the plaintiff should have been prepared to meet this issue, and he was, for he gave evidence upon that issue. The fact that witnesses not called and sworn on this issue, will testify that they knew the place and did not know that it was the resort of disorderly persons, is no reason for granting a new trial. The plaintiff kept this place for three years, knew his customers and the persons who were accustomed to resort there, and he should have been prepared ·to meet the issue tendered by the answer.

After reading the evidence we are satisfied, *first*, that it was not established that the defendant uttered the precise words charged in the complaint; *second*, that if he did they were true ; and, *third*,

that whatever the defendant did or said was to rid the premises of disorderly tenants who were in occupation under a lease from a former owner. The verdict was right on the merits, and the judgment and orders should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment and orders affirmed, with costs.