quest, and, on account thereof, defendant executed and delivered to said testator an assignment and transfer of sufficient of the rents and proceeds of the said property to pay the interest annually upon the said sum so advanced; that no part of the money thus advanced has been paid, and interest is now due upon said sum from the 13th day of February, 1883. Plaintiffs demand judgment, that a receiver be appointed to collect the rents, and apply the same in discharge of the water rates and taxes, and in discharge of the said claim for interest, and for other relief.

The demurrer interposed is based upon the ground that causes of action have been improperly united in the complaint. This is the only ground now urged for our consideration. Appellant insists that the first cause of action alleged is for an injury to real property in the nature of a tort, and the second an action upon contract. Assuming this to be so, the appellant overlooks the fact that the action is in equity, and that both claims relate to the same subject, —i. e. the real property,—and that the main relief sought is the application of the rents produced therefrom in discharge of claims chargeable thereon. We think they are properly described as transactions connected with the same subject of the action, and, as such, are brought within section 484 of the Code of Civil Procedure, as causes of action in which a union is permitted. Lattin v. McCarty, 41 N. Y. 107; Lamming v. Galusha, 135 N. Y. 239, 31 N. E. 1024; Shepard v. Railroad Co., 117 N. Y. 442, 23 N. E. 30; Mahler v. Schmidt, 43 Hun, 512. The cases relied upon by appellant, of which Keep v. Kaufman, 56 N. Y. 332, and Wiles v. Suydam, 64 N. Y. 173, are illustrations, were actions at law for damages, where independent causes were attempted to be united. The rule is plain, and the distinction between the cases clear.

It follows that the judgment appealed from should be affirmed, with costs, with leave to defendant to answer upon payment of costs. All concur.

---

## CLARK v. FOX.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

1. SLANDER—EVIDENCE.
    Where the alleged slanderous words were that plaintiff had robbed defendant, and the answer is a general denial, evidence is inadmissible to show that plaintiff had misappropriated defendant's money.
2. SAME—PROOF OF REPETITION.
    Where the complaint alleges that the slanderous words were repeatedly spoken "in the months of March and April, and other times in the year of 1893," and the answer is a general denial, a repetition of the slander may be shown within the time alleged in the complaint.
3. SAME—DAMAGES—NOT EXCESSIVE.
    Where the case was tried twice, resulting each time in a verdict for plaintiff for $2,000, and on the second trial the charge saved defendant every possible right, the verdict will not be disturbed.

Appeal from trial term, Kings county.

Action by Christopher Clark against Richard K. Fox for slander. The slanderous words alleged to have been spoken of and concern-

ing plaintiff and another were, "They have been robbing me." "They robbed me, and Clark [plaintiff] robbed me right and left." The action was tried once before, and plaintiff had a verdict of $2,000. From a judgment in favor of plaintiff for $2,000, and from an order denying defendant a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles J. Patterson, for appellant.

J. Stewart Ross, for respondent.

PER CURIAM. The action is slander, alleged to have been spoken of and concerning the plaintiff in the months of March and April and at other times in the year 1893. The answer is a general denial. The proof upon the part of the plaintiff was of a substantial character, and tended to establish the allegations of the complaint. This proof was fully met by the denial of the defendant that he had spoken the words alleged. The issue was thus sharply defined between the parties, and the finding of the jury thereon is conclusive. The defendant insists that error was committed in the rejection of evidence upon the trial, and that the damages awarded are excessive.

The first error claimed arose in this wise: Defendant presented to plaintiff, upon cross-examination, a check drawn by plaintiff, and asked if he got the money on the check. Objection was interposed, and the court said:

"If this is to prove that he misappropriated the money, I will exclude it under the pleadings. Mr. Patterson: I will except to it. The Court: You say it is to prove that he misappropriated the money? Mr. Patterson: Yes, sir. The Court: I will exclude it. (Defendant excepts.)"

The witness was then asked if he ever used money of defendant's for his own purposes, and replied that he did not. Again, he was asked if he ever obtained the money upon the check, and upon objection the answer was excluded. It is clear that this testimony was not admissible under the issue as joined, and the ruling of the court was correct. It was offered for the sole purpose, as stated by counsel, of proving a justification, and for no other purpose. But it is now asserted that it was admissible upon the question of malice. It is not apparent how it bore thereon. If we could see that defendant spoke the words induced thereto by the fact that his money had been taken by the plaintiff, such evidence might be admissible upon the question of defendant's malice. But here the answer made no such claim. The evidence was offered for an entirely different purpose, and defendant testified that he could not charge the plaintiff with having stolen from him. The fact, if it existed, was unknown to defendant, and therefore could not have influenced him in uttering the slander. The evidence given of the utterance of the slanderous words was within the time alleged in the complaint, and was, therefore, properly received. Distin v. Rose, 69 N. Y. 122. The damages are quite large, but we are unable to find legal ground for interference. Especially is this so as the jury have, upon two trials, found

for plaintiff the same amount. The charge of the court saved to the defendant any possible right to which he was entitled.

The judgment and order appealed from should be affirmed, with costs.