(52 Misc. Rep. 493)

### BELLIS v. ROBERTS.

(Supreme Court, Appellate Term. February 4, 1907.)

LIBEL AND SLANDER—REITERATION IN ANSWER—INSTRUCTION.

The instruction, in an action for slander, that the allegation in the answer that the charge is true may be considered by the jury as an aggravation of damages, is erroneous, in the absence of the qualification, provided the circumstances evince that such reiteration of the slander was done maliciously and without probable cause for believing it true.

Dayton, J., dissenting.

Appeal from City Court of New York.

Action by John R. Bellis against Richard B. Roberts. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Baggot & Ryall (Albert K. Newman, of counsel), for appellant.
Charles P. Barker (William C. Beecher, of counsel), for respondent.

BLANCHARD, J. Since the evidence upon the material issues of this case cannot, as a matter of law, be regarded as preponderating on either side, the determination of the jury that the defendant is liable to the plaintiff for damages for slander cannot, on that ground, be disturbed. The learned trial judge, however, charged the jury that the allegation in the defendant's answer that the charge is true may be considered by the jury as an aggravation of damages. This charge should have been qualified by a direction that the reiteration of the slander in the answer shall be considered in aggravation of damages, provided that "the circumstances evince that the reiteration of the slander in the answer was done maliciously and without probable cause for believing it true." Distin v. Rose, 69 N. Y. 122. Since the slander was uttered only to the plaintiff's employer, who continued to employ the plaintiff as a furniture salesman after the slander was uttered, the verdict of $1,000 which the jury awarded to the plaintiff seems to have been influenced, as to its amount, by the error in the charge of the learned trial judge.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs.

DAYTON, J. (dissenting). Assuming that the trial judge was technically in error in charging the jury that the defendant's answer, alleging the truth of the slander, might be considered by them in aggravation of damages, I do not discover that the exception taken relates to the use of these words, or of the word "aggravation." It seems to me, also, that the discussion of the charge before the retirement of the jury, taken in connection with the entire charge, resulted in a fair submission of the only question at issue, viz., the amount of exemplary damages for a practically admitted slander. I do not consider the verdict excessive.

The judgment should be affirmed, with costs.