Keenholts *v.* Becker.

## KEENHOLTS *vs.* BECKER.

In slander for words set forth in the declaration in English, the plaintiff cannot, in general, give in evidence words spoken in a foreign tongue.

But if foreign words were spoken at the same time with the English words, the former may be given in evidence in connection with the latter, to show what charge was really made.

Damages cannot be given for words spoken after the commencement of the suit, or for words not alleged in the declaration.

In slander for words not actionable *per se*, in consequence of the speaking of which it is alleged that a third person acted in a particular manner by which the plaintiff was damnified, it must be shown that the words were spoken in the presence of such person, or it must in some other way appear that the speaking of the words was the cause of the consequential injury alleged.

Where such words are spoken in the hearing of one who innocently repeats them to another, who is thereby influenced to withhold from the plaintiff some advantage which he would otherwise have granted him, the action will be sustained. *Semble.* *Per* BEARDSLEY, J.

Otherwise, if the repetition of the words was itself slanderous, and the injury was occasioned in part by such second slander. *Semble. Per* BEARDSLEY, J.

SLANDER tried before PARKER, C. Judge, at the Albany circuit in April, 1844. The declaration alleged that the defendant had charged the plaintiff's wife with incontinence before her marriage with the plaintiff, and set forth special damages; namely, that in consequence of the speaking of the words the

Keenholts *v.* Becker.

wife of the plaintiff had become sick and disabled, whereby the plaintiff had lost her services ; and also, that by means thereof, one Christopher Keenholts, who had been accustomed to supply and would have supplied the plaintiff with provisions, gratuitously, ceased to do so. Plea, not guilty.

On the trial the plaintiff proved that the defendant had spoken some of the words charged in the declaration, on several occasions. On the cross-examination of the plaintiff's witnesses, it turned out that some of the words proved were spoken in the Dutch language, and some of them after the commencement of the suit; but independently of these, thus explained, the proof shewed words answering to those laid in the declaration spoken before the suit was commenced. To prove the special damages the plaintiff called Christopher Keenholts, his father, who testified that he had heard that the charges in question had been made by the defendant against the plaintiff's wife ; that before that time he had been in the habit of supplying the plaintiff with provisions without charging him any thing, but that after he had heard these charges, he told the plaintiff that whatever he had of him he must pay for, and that he afterwards supplied him with vegetables, which in consequence of the slander he compelled him to pay for, which he should not have done had it not been for the slander. The plaintiff also gave evidence to show that his wife had been injuriously affected in her health and spirits in consequence of " the stories," and did not attend to business as she had before done.

The defendant moved for a nonsuit, on the grounds 1. That no words such as those charged in the declaration were proved to have been spoken by the defendant before the commencement of the suit; and 2. That inasmuch as it was not shewn that the witness Keenholts, or the plaintiff's wife, had heard the slanderous words uttered by the defendant, or had been informed of them by any person who had heard them from him, it did not appear that the alleged damages were a consequence of the slander. The motion was denied, and the defendant excepted. The judge charged the jury, 1. That although the plaintiff could not in this action recover for the injury to the character

of his wife, he was entitled to compensation for the injury to his own feelings, as well as for the pecuniary loss alleged in the declaration ; 2. That if the action was sustained by proof of some of the words charged in the declaration in the English language before suit brought, and of the alleged special damages, the jury had a right to take into consideration in aggravation of damages the words spoken in Dutch, and also those spoken since the commencement of the suit ; but this, he said, could not be done unless the action had been sustained by the proof first mentioned. The defendant excepted to the charge and the jury found a verdict for the plaintiff for $500. The defendant moves for a new trial on a bill of exceptions.

*D. Wright*, for the defendant. 1. The special damages proved, had no necessary connection with the words spoken by the defendant. Neither of the persons, on whom the charge is said to have operated so as to produce an injury to the plaintiff, heard the words spoken by the defendant ; nor were they proved to have been communicated to either of them. To connect the slander with the special damages it must have been heard by the persons whose conduct or condition is supposed to have been affected by it. ( *Ward* v. *Weeks*, 7 *Bing*. 211.) 2. The judge erred in directing that damages might be given on account of the plaintiff's injured feelings. (*Cowden* v. *Wright*, 24 *Wend.* 429.) Neither the words spoken in the Dutch language nor those spoken after the commencement of the suit, furnished any legal ground for increasing the damages. (*Root* v. *Lowndes*, 6 *Hill*, 518.)

*R. W. Peckham*, for the plaintiff.

*By the Court*, BEARDSLEY, J. In slander, as in other actions, the plaintiff must prove his case as stated in his declaration. If he count upon words in the English language, he cannot support his action by proof of like words spoken in another tongue. It must also appear, in every case, that the cause of action preceded its commencement. Hence, in slander, the

Keenholts *v.* Becker.

words complained of must have been spoken, and if special damages are material to be shown, they must have arisen before suit brought. These are familiar principles, which need no reference to authority for their support.

Various words were proved to have been spoken by the defendant in this case, some in English and some in Dutch ; some spoken before and some since the commencement of the suit. Without adverting particularly to the evidence, I think there was such proof of words spoken before suit brought, in the English tongue, and corresponding with some of those stated in the declaration, as in that particular respect, to carry the cause to the jury, and that the judge was correct in refusing to nonsuit the plaintiff, on the ground that such evidence had not been given.

But the judge charged the jury that if the action was otherwise proved they "had a right to take into consideration, in aggravation of damages, the words spoken since the commencement of this suit, and the words spoken in the Dutch language."

So far as respects the Dutch words spoken at the same time with the English words counted upon, and proved to have been spoken before suit brought, they were undoubtedly admissible in evidence, as part of an entire conversation, and material to show what charge the defendant really intended to make. But Dutch words uttered at another time, whether before or after suit brought, should not have been received in evidence, and none of them constituted any ground for giving aggravated damages. They were not set out in the declaration as grounds of action, nor were they proper to show the malice of the defendant. This was so held in *Root* v. *Lowndes*, (6 *Hill*, 518,) which in principle is like this case. It will be observed that none of these words were actionable *per se*, and so, unless special damages resulted, they could in no case constitute a ground for giving any damages whatever. If, on the other hand, special damages had thus arisen, the plaintiff might bring a new suit for the injury, and in which he would be entitled to full reparation for the wrong done to him. If this independent cause of action was a ground for giving aggravated damages in the cause on trial, it is manifest the defendant might be doubly

Keenholts v. Becker.

punished and the plaintiff doubly compensated for the same wrongful act, a result in no case admissible. In this part of the charge it is, therefore, obvious that the jury were wrongly instructed.

The same objections apply with full force to the English words spoken since the commencement of the suit. If not followed by special damages the words were irrelevant; but if such damages resulted a new action was the proper course. The case of *Root* v. *Lowndes* is decisive on this part of the case.

As a new trial must be had for misdirection on the question of damages, it is not strictly necessary to advert to other points made on the trial or the argument of the cause. Some of these are too plain to require discussion, while others are founded on evidence very imperfectly stated in the bill of exceptions, or are so expressed, as on one ground or the other, to be very liable to misapprehension. I shall, therefore, make but a few additional suggestions upon the case as now presented, and leave other questions to be decided as may hereafter become necessary.

I have already observed that there was evidence for the jury that some words counted upon were spoken in English, as stated in the declaration, before the action was commenced, and that the motion for a nonsuit founded on a supposed want of such evidence, was correctly denied. But none of these words were actionable *per se ;* it was, therefore, necessary for the plaintiff to prove that special damage had been caused by the speaking of these words. The declaration sets out the words alleged to have been spoken, and that the particular injuries stated had been caused thereby, and it was indispensable that both allegations should be established by the proof. The words must be proved; and it must also be shown that the special damages were caused by the speaking of these words. This was the gist of the action ; and the connection between the words spoken and the alleged injury, should not be left to vague inference or conjecture, but should be shown affirmatively and clearly by the evidence in the case.

Granting that the loss of a gratuitous benefit which would otherwise have been bestowed on the plaintiff, or the inability

of his wife to attend to the domestic concerns of his household, is a pecuniary damage for which an action like this may be sustained, still it is by no means clear, upon the evidence in this case, that such a right of action was shown.

It cannot be pretended upon the evidence that any of the words spoken by the defendant were spoken in the hearing of Christopher Keenholts, or of the plaintiff's wife. The first, therefore, did not withhold his bounty in consequence of any thing he had personally heard the defendant say, nor was the wife of the plaintiff made sick or enfeebled by what the defendant had said to her or in her presence. She had heard *stories*, and Christopher Keenholts had heard of *slanders* by the defendant; but whether these stories and slanders were the English words proved to have been spoken by the defendant before suit brought, or were founded on these words, was by no means clearly shown by the evidence. The plaintiff was certainly bound to show the connection—as cause and effect—between these words and the consequential injuries alleged; and this should have been shown by such evidence as to justify the jury in finding the truth of the matters so averred in the declaration. The evidence as stated in the bill of exceptions, is in these respects exceedingly vague; but the objection may not have been distinctly taken on the trial, and therefore the evidence may not be fully stated. I advert to it as a material point in the case, and therefore one to be met and disposed of on another trial.

We need not now say how far, if at all, the case of *Ward v. Weeks*, (7 *Bing*. 211,) should be followed. That was an action of slander, and was finally disposed of on the ground of a variance between the special damages stated in the declaration and those offered to be proved on the trial. The declaration alleged that in consequence of the slanderous words spoken by the defendant, one John Bryer refused to trust the plaintiff. On the trial, the plaintiff offered to prove that the defendant spoke the words as alleged, although they were not so spoken in the presence or hearing of Bryer, but had been communicated to him " as the statement of the defendant," by one Bryce, who heard them uttered by the defendant, and that Bryer thereupon refused to

trust the plaintiff. This evidence was rejected by the judge, and the plaintiff was nonsuited. On a motion for a new trial, Chief Justice Tindal, after stating the case said ; "the question, therefore is, whether the special damage, which is the gist of the action, has been proved as it is alleged, or whether there is a variance between the allegation and the proof." And the court held that as the words were not spoken to, or in the presence of Bryer, nor communicated to him by the direction of the defendant, but by the voluntary, unauthorized act of Bryce, who was present when the defendant spoke the words, the allegation of damage, as stated in the declaration, would not be sustained by the proof offered. "No effect whatever," it was observed, "followed from the first speaking of the words to Bryce : if he had kept them to himself, Bryer would still have trusted the plaintiff. It was the repetition of them by Bryce to Bryer, which was the voluntary act of a free agent, over whom the defendant had no control, and for whose acts he is not answerable, that was the immediate cause of the plaintiff's damage."

Although this case was decided mainly on the ground of variance, it must be conceded that it gives countenance to the position, that under no circumstances, whatever form of pleading may be adopted, is the defendant liable for consequential damage arising from words spoken by himself, unless the person, by or through whose act or agency the damage arose, was present and heard the words as originally spoken by the defendant, or unless the words were communicated to such person, at the request or by the authority of the defendant himself. I must admit that I am not prepared to go to this extent. Where slanderous words are repeated *innocently* and without an intent to defame, as under some circumstances they may be, I do not see why the author of the slander should not be held liable for injuries resulting from it as thus repeated, as he would be if these injuries had arisen directly from the words as spoken by himself. A different rule should perhaps govern, where the repetition was itself slanderous, and the injurious consequences arose, in part at least, from the second slander. But this distinction is not material in the case now before the court, for it

does not appear how the slanderous words proved to have been spoken by the defendant before suit brought, were communicated to Christopher Keenholts or the plaintiff's wife, if indeed they were in any manner informed that such words had been uttered by the defendant. When these material facts are established, as they may be on another trial, it will be in time to pass upon the case of *Ward* v. *Weeks,* as an authority to be followed; but as the case in judgment is now circumstanced, no opinion in regard to that case is intended to be expressed.

New trial granted.