ISAAC B. TITUS, Respondent, *v.* NATHANIEL SUMNER, Appellant.

In an action for slander, the words charged being actionable *per se*, it is competent for the plaintiff to prove, as evidence of malicious intent, that the same slanderous words were spoken by the defendant at times prior to that laid in the complaint, when the statute of limitations would be a defence to such prior slander.

On the trial of such an action it is not error to exclude a general offer by the defendant, to prove that the plaintiff's reputation was not affected by the slander. The evidence would be a mere opinion of the witness, and is not directed to the plaintiff's want of previous good character as affecting the amount of the recovery.

*Keenholt* v. *Becker* (3 Den., 346), doubted by LEONARD, C.

(Submitted September 29th, decided December 29th, 1870.)

APPEAL from an order of the General Term of the Supreme Court, in the sixth judicial district, denying a motion for a new trial.

This is an action to recover damages for charging the plaintiff, in May, 1864, with poisoning his own daughter to death; and in August of the same year with being a robber, a murderer and a thief. The defendant interposed a general denial. The action was tried at the Delaware circuit in February, 1866. On the trial, during the cross-examination of one of the plaintiff's witnesses (who had testified that he had heard the defendant say that the plaintiff had poisoned his daughter, and had heard that her countenance showed it when she was a corpse), the witness was asked whether he believed any of the statements made by the defendant about the plaintiff's daughter. The question, being objected to by the plaintiff, was overruled, and the defendant excepted. The defendant, while continuing the cross-examination of the same witness, offered to prove by the witness that he did not believe the statements made by the defendant, and that the plaintiff's reputation was not affected thereby; which, being objected to by the plaintiff, was rejected, and the defendant excepted. The defendant, during the continuance of the cross-examination of the same witness, offered to prove that the plaintiff's reputation was not in any manner affected, by these statements, in the neighborhood. To this offer the plaintiff also objected, and the objection was sustained, and the defendant again excepted. This same witness, during his further cross-examination by the defendant, testified that he did not believe the plaintiff's daughter was poisoned. After the plaintiff had proved the speaking by the defendant of the actionable words charged in the complaint, he proved that in 1861 the defendant, while speaking of the plaintiff and his deceased daughter, said he believed the plaintiff had helped her out of the way; and in the fall of 1863 he said he thought the plaintiff was the means of her death. To the admission of each of these statements the defendant in due time objected, upon the ground that the words spoken were

not charged in the complaint. The objection being overruled, the defendant excepted. The jury rendered a verdict for $900. The General Term denied the defendant's motion for a new trial, and from the order denying the motion the defendant appealed to the Court of Appeals.

*E. D. Wagner,* for the appellant, cited *Howard* v. *Sexton* (4 Comst., 157); *Keenholt* v. *Becker* (3 Den., 346).

*George Becker,* for the respondent, cited *Inman* v. *Foster* (8 Wend., 602); *Root* v. *Loundes* (6 Hill, 518); *Keenholt* v. *Becker* (3 Den., 346); *Gray* v. *Nellis* (6 How., 290); *Kennedy* v. *Gifford* (19 Wend., 296); *Towles* v. *Bowen* (30 N. Y., 20); Code, § 93.

Gray, C. It is enough to say that the refusal at circuit to permit the witness on his cross-examination to testify whether he believed any of the statements made by the defendant about the plaintiff's daughter was harmless, inasmuch as the witness during the same cross-examination testified that he did not believe she was poisoned. The offer to prove by the same witness during that cross-examination that the plaintiff's reputation was not affected by these statements was properly rejected for two reasons, viz.: The evidence, if admissible, was a part of a substantial defence to a cause of action already established, which the court had the right to exclude until after the plaintiff had rested his case. It was not an offer to show that the plaintiff was not injured by reason of any defect in his own reputation, nor was any error committed in admitting evidence of the words spoken in 1861 and 1863. Each, if actionable, was outlawed, and admissible upon the question of malice, and hence the order denying a new trial must be affirmed.

Leonard, C. The first exception relates to the defendant's offer to prove by the witness that he did not believe the charge made by the defendant and that the plaintiff's reputation was

not injured, which was excluded and defendant excepted. The witness was afterward asked whether he believed the charge, and answered that he did not. This was an admission of the evidence which had been previously excluded. It is not necessary, therefore, to consider the legality of the subject-matter of the offer as evidence.

The defendant next offered to prove that the reputation of the plaintiff was not affected by the slander. The offer was excluded and the defendant excepted.

The alleged slanderous words were actionable in themselves. The offer involved ·the proving of the opinions of witnesses. It was a subject concerning which witnesses could not state any facts, and their opinions must be very uncertain. Witnesses might *believe* that the slander did or did not affect the plaintiff's reputation; but such proof would not amount to any guide as definite and certain evidence. The appellant relies on the case in 3 Denio, 346; *Keenholts* v. *Becker.* In that case the words were not actionable *per se.* It was there held, where a person who had heard the assertion by rumor, and did not hear the defendant utter the alleged words, that special damage had not been proven, although such person had withheld his kind offices by reason of the rumor, and made the plaintiff pay for articles that he would otherwise have furnished gratuitously.

That is not the principle here involved. These words were actionable *per se*, and there was no attempt to prove any special damage. The words here spoken are injurious by their natural effect, and the malicious or inconsiderate defendant who wantonly used them, must, as he ought, stand before the court to receive a verdict in punitive damages. A want of previous good character by the plaintiff, is a different case, and affects the amount of his recovery.

I doubt the doctrine of *Keenholts* v. *Becker* on the point there at issue, but the learned judge concedes that the principle is not applicable where the words are actionable *per se*, as in this case.

The plaintiff was allowed to prove that the defendant had

made the same slanderous charge on some prior occasions in 1861 and 1863, the action being for words spoken in 1864, and the trial having taken place in 1867. The defendant has raised a point as to the admission of this evidence.

Such evidence appears, upon authority, to be admissible to show the malicious intention of the slanderer, where the words sought to be proven, were spoken so long previously that another action could not then be maintained therefor, the plaintiff being barred by the statue of limitations. *Inman* v. *Fowler* (8 Wend. R., 602, 609), Judge Savage in that case disapproved of the rule, but cites the cases in which such evidence has been sustained, and concludes with these words: " Upon authority, however, such words were properly received.

I think we should follow the established rule, notwithstanding the criticism. The defendant relies on the case in *Howard* v. *Sexton* (4 Comstock R., 157), to sustain his exception. That case is authority for the rule that you shall not prove a slander of a different, or even of an uncertain charge, to sustain that laid in the complaint. An action for accusing the plaintiff of perjury, will not admit of proof for the purpose of establishing malice that the defendant, on another occasion, said that the way the plaintiff got the defendant's money was no better than robbery. Judge Gardiner, delivering the opinion of the court in the case last cited, says: " The plaintiff may show a repetition of the charge for which the action is brought, but not a different slander for any purpose." (Page 161.) This remark is an indorsement of the rule asserted in 8 W. R.

The judgment appealed from should be affirmed with costs.

Judgment affirmed with costs.