FRAZIER v. McCLOSKEY, appellant.

*Evidence — slander — repetition of slanderous words.*

In an action for slander, evidence was given of the repetition by defendant, on different occasions, of the words laid in the complaint. *Held,* admissible for the purpose of showing malice.

The fact that the repetition took place after the action was brought, would not exclude evidence of it.

THIS action was brought to recover damages for slander, and was tried, at Warren county circuit, in September, 1872, and a verdict rendered for plaintiff for $300.

Judgment was entered upon the verdict in favor of the plaintiff, and the defendant appeals.

The plaintiff charged defendant with having maliciously and falsely said of plaintiff: "I want you to pay me for the hay you stole from me. Henry O. Frazier says you took half a ton of my hay, and if you don't pay me for it I will have a warrant on you before to-morrow for stealing that hay, which I can prove you stole by Henry O. Frazier." Also, "The damndest stealing is going on; Dr. Frazier is stealing my hay." Defendant put in an answer, containing a general denial, and matter in mitigation. Proof was introduced to show the speaking of the words alleged, and proof of other similar words, after the suit was brought.

The exceptions taken relate to the introduction and rejection of evidence.

The case was submitted upon printed points.

*Isaac Mott,* for appellant.

*Brown & Shelden,* for respondent.

MILLER, P. J.  The objections urged to proof of other declarations of defendant, substantially, repeating the alleged slanderous words charged in the complaint, were not well taken.   The rule in such cases is that the plaintiff may show that the words laid in the complaint were repeated, on different occasions, for the purpose of showing malice.  *Titus* v. *Sumner*, 44 N. Y. 266.  In *Root* v. *Lowndes*, 6 Hill, 518, a new trial was granted because the judge erred in directing the jury that the words *not laid in the declaration* were proper to be considered, for the purpose of enhancing the *damages*.  If it can be claimed that this decision conflicts with *Titus* v. *Sumner*, it should not be regarded as controlling, as the latter is the last case in which the principle is decided.   Nor, if the rule is a sound one, is there any good reason why such proof should be excluded, because the words were altered after the action was brought.   It is claimed that the words proved were different from those stated in the complaint.   The charge in the complaint was, in substance, that the plaintiff stole hay.   The proof given was, that the defendant said he was a damned thief.   Both of the charges related to stealing, were substantially the same, and the latter was but a repetition of the charge of larceny.   When offered, it did not appear that it related to any charge but that alleged, viz., stealing hay, and if the evidence afterward showed differently, the defendant should have moved to strike out the proof objected to for that reason.   The alleged record of conviction was properly excluded, because,

1st. There was no such issue made by the pleadings, and the proof of a repetition of the charge would not authorize it.

2d. It did not show jurisdiction on its face, as no charge was made, under oath or stated, for which a conviction could be lawfully had. The question put to plaintiff as to his consenting to take the hay, was not material, and had been substantially answered.

The judgment must be affirmed, with costs.

*Judgment affirmed.*