We think that the court below erred in admitting evidence of slanderous words uttered by the defendant after the commencement of this action. It was claimed that this evidence was admissible for the purpose of showing malice and enhancing the damages for the speaking of the words charged in the complaint. It has been decided that a repetition of the words charged in the complaint, or the speaking of them at times other than those laid in the complaint, may be shown; but in all these cases, the occasions on which the slander was uttered were before the commencement of the action. In Root v. Lowndes (6 Hill, 518, 519) the admissibility of the evidence was placed, by BRONSON, J., upon the ground that the judgment would be a bar to another action. InTitus v. Sumner (44 N.Y., 266), evidence was admitted that the same slanderous charge was made by the defendant at times prior to those laid in the complaint; but the ruling was sustained by the Commission of Appeals solely on the ground that at the time of the trial an action for such prior slander was barred by the statute of limitations. The same decision was made, and for the same reason, in Inman v. Foster (8 Wend., 602). The plaintiff should never be permitted to give in evidence words which might be the subject of another action. (6 Hill, 518,supra, per BRONSON, J.; De Fries v. Davis, 7 C. P., 112, per TINDAL, Ch. J.) The reason is obvious; the defendant might be compelled to pay damages twice for the same injury. In the present case, the words allowed to be proven, being actionableper se, and having been spoken after the commencement of the action, a second action would have been clearly maintainable for them. They were spoken in September, 1871, and the trial was in September, 1872. This action was commenced in February, 1871. InKeenholts v. Becker (3 Denio, 346) it was expressly adjudicated that words spoken after the commencement of the action were not admissible to aggravate the damages; and we see no reason to question the correctness of that decision.
The words spoken in September, 1871, were different from *Page 339 
those charged in the complaint. But this objection does not appear to have been distinctly taken at the trial. The only objection taken was that they were spoken after the commencement of the action. This objection, however, we regard as sufficient.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
All concur; MILLER, J., not sitting.
Judgment reversed.