## HENRY FLANDERS, RESPONDENT, v. HAMILTON GROFF, APPELLANT.

*Evidence — action for slander — right of the plaintiff to prove a prior utterance of the same slander for which the action is brought.*

Upon the trial of an action for slander, the plaintiff may, to show malice, prove the utterance of the same slanderous words, for which the action is brought, by the defendant at a time prior to that set forth in the complaint, although an action has heretofore been brought for the utterance of the words so spoken, which has been discontinued upon a settlement made by the defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*J. E. Dewey*, for the appellant.

*Eugene E. Sheldon*, for the respondent.

RUMSEY, J. :

The plaintiff sued the defendant for a slander. It was proved on the trial that on the 8th day of November, 1879, Groff said that

HUN—VOL. XXV.      70

Flanders had set on fire Groff's barn. After that proof had been made, plaintiff, under objection proved that at the time of the burning of the barn in October, 1878, the defendant said that Flanders set it on fire. It appeared that Flanders had sued Groff for this speaking and that Groff had settled for it and the suit had been discontinued. The defendant took exception to this ruling, and its correctness is the principal question which he argues on this appeal.

The evidence of the former speaking was admitted solely to show malice and to furnish a basis for punitive damages, and the charge of the court carefully limited it to that purpose. In this State it is well settled that in such actions as this punitive damages may be given if a proper foundation is laid for them. It is also the law that to enable the jury to decide whether or not punitive damages shall be given, it is proper to show that the slander was uttered wantonly and with express malice. (*Thorn* v. *Knapp*, 42 N. Y., 478.) The fact that defendant after he had once been sued for this slander and had admitted its falsity, and his consequent liability for it by settling that suit, deliberately uttered it again, was strong evidence to warrant giving punitive damages if the jury thought proper to do so.

The defendant complains that if the evidence is allowed, the plaintiff will in fact be permitted to recover for the speaking of the words for which he has once been paid, and that he has no opportunity to know before the trial what evidence is to be given against him, and therefore he cannot fairly meet it. If this were a new question to be decided solely on principle, these considerations might have great weight, as they evidently did with Judge BRONSON in *Root* v. *Lowndes* (6 Hill, 518). But we regard the question as settled in this State, at least, by authority which we are not at liberty to disregard. In *Inman* v. *Foster* (8 Wend., 602) Chief Justice SAVAGE held the law to be that, in an action for slander, after the words counted upon had been proved, evidence might be given of the speaking of the same words at a period so long before the commencement of the first action that the cause of action upon them was barred by the statute of limitations. In that case the evidence was admitted solely to prove malice. The case in Wendell, although disapproved in *Root* v. *Lowndes* (*supra*), was followed in the case of *Titus* v. *Sumner* (44 N. Y., 266). We can

see no difference in principle between those cases and the case in judgment.

The words barred by the statute were clearly evidence of malice, and were admitted because they cannot be the subject of another action.

In this case plaintiff could not sue upon the words spoken in October because he had been paid, but they tended to prove malice. It makes no difference whether the words have ceased to be actionable because of the statute, or by reason of a release or of the settlement of a former suit for their speaking.

In *Symmons* v. *Blake* (1 Moody & R., 477) evidence was admitted of similar words spoken by defendant of plaintiff for which damages had been recovered. So long as the principle is established that words which cannot be the subject of another action are admissible to show malice, we do not see how the line can be drawn at words barred by the statute. The case of *Frazier* v. *McCloskey* (60 N. Y., 337) does not conflict with this view but sustains it. The evidence admitted in that case which was held erroneous was a repetition of the slanderous words uttered after the action was commenced, and the court put the ruling upon the ground that another action would lie for the speaking of those words.

We have carefully examined the charge and we think it was not erroneous. The jury were told clearly and plainly that unless they found that the words were spoken as alleged in the complaint, their verdict must be for defendant; and they were also told that they should consider the words previously spoken only upon the question of damages. The instructions were correct. What was said as to exemplary damages was proper and left the question to the jury. If the defendant wanted other or further instructions he should have asked for them.

We have examined all the exceptions to rulings upon the admission of evidence and think none of them well taken.

The judgment should be affirmed, with costs.

LEARNED, P. J., and OSBORN, J., concurred.

Judgment affirmed, with costs.