PATRICK S. CASSIDY, Respondent, v. THE BROOKLYN DAILY EAGLE, Appellant.

To entitle a plaintiff in an action for libel to give proof in aggravation of his damages, which proof in effect goes to enlarge the character of the libel itself, he must set up the facts in his complaint, and this, although the article published by defendant is libellous *per se.*

In an action for libel plaintiff's complaint alleged, and it appeared, that defendant published in its newspaper an article charging plaintiff with being "as big a rascal" as one McD. Upon the trial plaintiff offered in evidence certain articles published in defendant's newspaper some years before the publication of the one in question in which the character of McD. was questioned in strong terms. This was objected to on the ground, among others, that there were no averments in the complaint as to McD's character. The objection was overruled. *Held* error.

(Argued April 19, 1893; decided May 2, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 21, 1892, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William A. Dykman* for appellant. The trial judge erred in refusing to charge that the jury might give nominal damages. (Townshend on Libel [4th ed.], § 415 ; *Steele* v. *Southwick,* 9 Johns. 214 ; *Hotchkiss* v. *Lothrop,* 1 id. 286 ; *Pugh* v. *McCarty,* 40 Ga. 444 ; *Kelly* v. *Sherlock,* L. R. [1 Q. B.] 686 ; *Davis* v. *Cutbush,* 1 F. & F. 487 ; 3 Pars. on Cont. [6th ed.] 218 ; *Flint* v. *Clark,* 13 Conn. 361 ; *Campbell* v.

*Campbell,* 54 Wis. 90.) The trial court erred in receiving in evidence copies of defendant's evidence. (*Stephens* v. *Vrooman,* 16 N. Y. 381.) The court erred in receiving evidence to show that McDermott was a "spy," "traitor," "black-hearted knave," etc., etc., because there was no averment to this effect in the complaint. (*Pike* v. *Van Wormer,* 5 How. Pr. 171; 6 id. 99; *Dyas* v. *Short,* 16 id. 322; *Frye* v. *Bennett,* 5 Sandf. 54; *Caldwell* v. *Raymond,* 2 Abb. Pr. 193; Newell on Defamation, 602, 607, §§ 17, 21.)

*Edwin R. Leavitt* for respondent. The exception to plaintiff's counsel referring in his opening to the 1883 issues of appellant's journal, is based upon the ground that there is no allegation of the same in the complaint, and the exception to their admission in evidence is upon the same ground, and further that they were incompetent, immaterial and irrelevant. These exceptions were not well taken. (*Vans* v. *Middlebrook,* 3 N. Y. S. R. 227; *Brooks* v. *Berris,* 8 Johns. 455; *Villers* v. *Monsley,* 2 Wils. 403; *Byrnes* v. *Mathews,* 12 N. Y. S. R. 74; 109 N. Y. 662; *Gomez* v. *Joyce,* 1 N. Y. Supp. 338; *Bergmann* v. *Jones,* 94 N. Y. 52, 64; *Klinck* v. *Colby,* 46 id. 430, 431; *Morey* v. *M. J. Assn.,* 123 id. 207, 210; *Moore* v. *Francis,* 121 id. 199; 2 Add. on Torts, 311, § 1090; *Root* v. *King,* 4 Wend. 114, 136; *Gillman* v. *Lowell,* 8 id. 578; *Sanderson* v. *Caldwell,* 45 N. Y. 398; *King* v. *Cole,* 7 Cow. 613, 620; *Darry* v. *People,* 10 N. Y. 108; *Howard* v. *Sexton,* 4 id. 157; *Moore* v. *M. N Bank,* 123 id. 425; *Warner* v. *P. P. Co.,* 132 id. 181; *Carroll* v. *White,* 33 Barb. 615; *Moore* v. *Bennett,* 48 N. Y. 472.) The charge "That mental suffering may be considered by the jury in estimating the damages where character is maligned," was clearly proper. (*Hamilton* v. *Eno,* 16 Hun, 599; 81 N. Y. 116; *Gomez* v. *Joyce,* 1 N. Y. Supp. 338; *Ward* v. *Deane,* 10 id. 421; *Warner* v. *P. P. Co.,* 132 id. 181.)

PECKHAM, J. The plaintiff commenced this action to recover damages for three separate libels published of and concerning him by the defendant. The complaint contained a

separate count for each libel. Upon the first and second counts the defendant had a verdict. Upon the third count the plaintiff obtained a verdict. The third count alleged that the defendant published the libel on the 6th day of July, 1887, and set it forth as follows:

" TIMELY TALK.
" *O'Donovan Rossa not in a Retracting Mood.*
" O'DONOVAN ROSSA.— I have not denied that I have described Patrick Sarsfield Cassidy as being as big a rascal as ' Red Jim ' McDermott. I did say such a thing and I stand by it. I have reason to think that this Cassidy is as big a rascal as ' Red Jim ' McDermott, and a bigger rascal."

Upon the trial the plaintiff was permitted to prove under objection, certain articles published in the defendant's newspaper some years anterior to the article in question, in which the defendant animadverted in strong terms upon the character of McDermott. The objection was that the testimony was incompetent, immaterial and irrelevant; that it had not been averred in the complaint as to what McDermott's character was and there was no averment therein of any extrinsic fact making it proper to introduce such articles in evidence. The court admitted the evidence because, as he said, the libellous article contained an allegation that plaintiff was a greater rascal than McDermott, and the natural force of the expression was that McDermott was a rascal, and that plaintiff was a greater rascal than McDermott, and the kind of rascal that McDermott was, the defendant disclosed in these articles, and the court held it was not such new matter that required to be pleaded.

The original article complained of by plaintiff was without doubt libellous. As the court remarked, the natural meaning of the language used was that McDermott was a rascal and that plaintiff was a bigger rascal than McDermott. Plaintiff had made out his cause of action when he proved the publication of the article by defendant.

The plaintiff desired to go farther and to prove what kind

of a 'rascal McDermott was in the estimation of defendant. This was, as it seems to us, an enlargement of the libel itself, and in order to be admissible should have been averred in the complaint. If the plaintiff did not choose to rest alone upon the libellous character of the article as it was published, but wished to show what kind of a rascal the defendant charged that McDermott was, it appears to us that the complaint should have contained such an averment in order to let in the proof.

It was not admissible upon the question of malice or damages without being pleaded. If the prior articles showed that the defendant had stigmatized McDermott as being a traitor, murderer, thief or assassin, they did not in and of themselves have any bearing upon the plaintiff or his character. It was only when read in connection with the article counted upon as libellous that they would appear to have any connection with the plaintiff. And in such case the only effect of such proof would be to show what in fact was the character of the libel counted upon. And unless pleaded, evidence amplifying and enlarging the libel itself would be in such case given, while no averment existed charging or setting forth the real libel upon which damages were sought to be recovered.

It is not like the case of proving the repetition of a slander similar to that counted upon in a complaint, but at times not therein set forth.

The rule in such cases is that the same or similar words counted on in the complaint and spoken before the commencement of the action may be given in evidence. The words must be the same or similar to those counted on. (*Howard* **v.** *Sexton,* 4 N. Y. 157; *Frazier* v. *McCloskey,* 60 id. 337; *Daly* v. *Byrne,* 77 id. 182; *Root* v. *Lowndes,* 6 Hill, 518.) The prior publications contained no libel upon the plaintiff and did not refer to him directly or indirectly. To allow proof of them for the purpose of showing malice would be, as I have said, no more than enlarging by proof the character of the libel, while making no averment in regard to it, or in other words it is an effort to enhance damages by showing other publications against a third person in order to show how

big a rascal McDermott was in the estimation of defendant. I think that to admit such proof under a pleading which simply sets forth the libellous article complained of, would be unjust to the defendant, because it would naturally be a surprise to him. It would be trying a matter of which the defendant had not complained, and in regard to which the defendant ought not to be called upon to defend.

It is true the plaintiff by this evidence only seeks to prove the kind of rascal that defendant had itself charged against McDermott. But the charges against McDermott were separate articles which had been published years before the one complained of, and at that time had no relation to plaintiff.

If plaintiff should desire to aggravate his damages by proof which in effect goes to enlarge the character of the libel itself, there is no injustice in compelling him to apprise defendant of such intention in his pleading.

He ought not to be allowed in effect to add to the natural and legal effect of the libel as it appears on its face, by this kind of proof, without setting up the facts which form a basis for such addition. I do not see that this rule is at all altered by the fact that the article as published was libellous *per se.* In publications which are not thus defamatory and become so only upon reference to some facts outside, those facts must be averred. When a publication is defamatory upon its face, if the plaintiff desire to enlarge its scope and aggravate its meaning by proof of facts tending in that direction, it seems to us that such facts should be set forth upon the same principle which compels such averment when the article in and of itself is not libellous. In the one case facts are to be shown which render the publication actionable, while in the other facts are offered in proof for the purpose of enlarging the scope of an article, and making it more strong than it appears on its face. The same rule should apply.

For this error we think the judgment should be reversed, and a new trial ordered, with costs to abide the event.

All concur, except ANDREWS, Ch. J., not voting.

Judgment reversed.