ROBERT G. ECCLES, Respondent, *v.* WILLIAM RADAM, Appellant.

*Libel — proof of repetition of the libel or of other libels · after action begun — what objection is sufficient.*

Upon the trial of an action for libel neither the repetition of the libel nor the publication of other libelous matter after the commencement of the action is admissible for any purpose.

A general objection to testimony without the assignment of any ground or reason therefor is not available on appeal except where the objection, if properly made, could not have been obviated.

An objection to the reception of evidence is not general which specifies the grounds thereof as immaterial and as having nothing to do with the case.

APPEAL by the defendant, William Radam, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of March, 1893, upon the verdict of a jury for $6,000, after a trial at the Kings County Circuit, and also from an order made at the Kings County Circuit on the 9th day of March, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Stephen Van Wyck* and *Edward C. James*, for the appellant.

*B. F. Einstein*, for the respondent.

DYKMAN, J. :

This is an appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury and from an order denying a motion for a new trial upon the minutes of the court. The action is for libel, and the verdict was for $6,000.

The plaintiff is a physician and medical writer residing in the city of Brooklyn. The defendant is the discoverer of a certain remedy called Radam's Microbe Killer, and resides in the city of New York.

In the month of September, 1889, the plaintiff published an article in which he reflected with severity upon the defendant and his remedy. That article was republished in the St. Paul *Herald*, and was followed by another article by the plaintiff in the same paper. Both of these articles contained fierce and acrimonious language and were plainly libelous.

The defendant wrote an answer to the article which was published in the St. Paul *Herald*, and that article constitutes the basis of this action. The answer admits the authorship and publication of the article and claims that it was without malice and for the protection of defendant and his remedy.

Upon the trial the plaintiff produced a circular issued by the Radam Microbe Killer Company subsequently to the article upon which this action is founded and since the commencement of this action, and a portion of the same was offered and read in evidence. The counsel for the defendant objected to the evidence as immaterial and having nothing to do with this case. The objection was overruled and there was an exception. This evidence was entirely inadmissible.

Neither the repetition of the libel nor the publication of other libelous matter after the commencement of the action is admissible for any purpose. (*Frazier* v. *McCloskey*, 60 N. Y. 337; *Cassidy* v. *The Brooklyn Daily Eagle*, 138 id. 239.)

While that is substantially admitted it is stated by the respondent that the objection to the testimony failed to state the proper ground for its rejection, and the exception is, therefore, unavailing.

General objections to testimony without the assignment of any ground or reason therefor will be insufficient and unavailable except where the objection, if properly made, could not have been obviated.

Pausing here for a moment, it is to be said that this case falls within the exception stated. The pamphlet from which the plaintiff read, acccording to the testimony of the plaintiff, was published or circulated by the Radam Microbe Killer Company through a lady in its office after this action was begun. The objection, therefore, could not have been obviated.

But the objection was not general; it specified the ground as immaterial and having nothing to do with this case.

It already appeared that the circular was not published by the

defendant, and that its publication was subsequent to the commencement of this action, and that was sufficient to show that it had nothing to do with this case. It might be material in another suit based upon it, which could be commenced, and, therefore, it was inadmissible to enhance the damages in this case.

The case of *Daly* v. *Byrne* (77 N. Y. 182) is not an authority for the respondent. In that case the objection was considered by the court as general, but it was more like a proposition than an objection.

It cannot be said that the testimony did not injure the defendant, for without it the size of the verdict is entirely inexplicable.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

PRATT and CULLEN, JJ., concurred.

Judgment and order denying motion for new trial reversed and new trial ordered, costs to abide the event.