COHALAN v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department.   January 10, 1908.)

ACTION—CONSOLIDATION—LIBEL.

> Where two actions for libel between the same parties were based on
> separate publications relating to a single official act by plaintiff, it was
> improper to deny defendant's motion to consolidate, since plaintiff should
> recover only actual damages and lawful punitive damages, which are re-
> coverable in a consolidated action, while without a consolidation defendant
> cannot be protected against a recovery of greater damages.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 632–675.]

Appeal from Special Term.

Action by John P. Cohalan against the Press Publishing Company. From an order denying its motion to consolidate two actions brought by the plaintiff against it for libel, it appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

W. H. Van Benschoten (John M. Bowers, on the brief), for appellant.

William McArthur, for respondent.

LAUGHLIN, J.   The defendant publishes a daily newspaper, known as the World, in which the alleged libelous articles were printed. The article which is the basis of the first action was published on the 4th day of May, 1907.   In the editorial column of the World on that day, under the heading "The Black List," which was printed in capital type, the defendant published the names of 27 state senators, including that of the plaintiff, who voted against the removal of Superintendent of Insurance Kelsey, and at the close of the list stated that their names should be on the political black list of all honest citizens, that they were public enemies and should henceforth be treated as such, and that not one of them should ever again be allowed to hold an office of profit or trust by the votes of the people of our state.   The complaint in the second action sets forth the publication on the 4th day of May, 1907, of the article which is the basis of the first action, the reiteration thereof in substance in the issues of the newspaper on the 5th and 6th days of May, the republication thereof in substance, with the addresses of the senators, on the 8th day of May, and the publication on the editorial page on the 9th day of May of a picture or cartoon of large dimensions, representing a public pillory, with a number of persons, including the plaintiff, standing thereon, with their necks and hands depicted as firmly fastened in the pillory, representing them as undergoing bodily torture and mental disgrace, with a placard above each, giving his name, and over one of such characters, conspicuously printed, was the name "Cohalan," and at the front edge of the platform was printed in large type the words "Public Contempt," and underneath the cartoon were printed the words "In the Pillory."   Each action was commenced more than a month after the publication, and only two days intervened between the commencement of the two actions.

It is perfectly clear that all of the publications relate to the same matter. They are all criticisms of the action of the plaintiff and the other senators who voted against the removal of the Superintendent of Insurance, who was on trial before the Legislature. They do not reflect on the official conduct of the plaintiff generally or concerning many different acts. They all relate to a single official act. It would be impossible to separate the damages caused by the publication of each of these articles. It is manifest that they should be presented to the same jury, to assess the entire damages, should the plaintiff succeed, in one action. The plaintiff cannot be prejudiced by the consolidation of these actions, excepting upon the theory that, if he should be permitted to prosecute them separately, he might recover more damages than he has sustained; but that could only result from the liability of juries passing upon the articles separately to correctly estimate the damages caused by each separate publication, which is not prejudice recognized by the law. The plaintiff should recover only his actual damages and such punitive damages as the law allows. Those he may recover with the actions consolidated, and without their consolidation the defendant cannot be protected against a recovery of greater damages.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.