BURKAN v. MUSICAL COURIER CO.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

PLEADING (§ 52*)—ALLEGATIONS—SEPARATE CAUSES OF ACTION.

Where the complaint declared upon a libelous publication of a particular date, other libelous publications not connected with that alleged and concerning a different subject-matter should be stricken from the complaint, or alleged as separate causes of action, and cannot be joined with that first alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Nathan Burkan against the Musical Courier Company. From an order denying a motion to strike parts of the complaint or to compel causes of action to be separately stated, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Edmond E. Wise, for appellant.
Thomas D. Adams, for respondent.

McLAUGHLIN, J. Action to recover damages for libel. The appeal is from an order denying defendant's motion to strike from the first, second, and sixth causes of action set forth in the amended complaint all other alleged libelous statements referred to and set forth in said causes of action or to compel the same to be separately stated.

In the first cause of action the libel complained of was published on August 14, 1908. In what is claimed as an aggravation of that libel, and for the purpose of proving malice, there is set forth in connection with it three other alleged libelous publications. There is no connection whatever between such publications and the publication of August 14th, and they are different as to subject-matter. If the three publications referred to are libelous, then each of them is actionable, and should be set forth as separate causes of action. They are not necessary, material, or proper allegations as to the cause of action predicated on the publication of August 14th, and the fact of such publications, if libelous, could not be proved on the trial. The second cause of action is predicated upon an article published August 28, 1908, in which are set out allegations with reference to other alleged libelous publications, including the one of August 14th. The sixth cause of action is based upon a publication of August 27, 1909, and reference is therein made to two other alleged libelous publications. What has been said as to the first cause of action with reference to alleged libelous publications, other than the one upon which the cause of action is predicated, applies equally to the second and sixth causes of action. That the allegations with reference to the alleged libelous publications other than the one sued on should have been stricken out, or else plaintiff compelled to set them forth as separate causes of action, is sustained by the weight of authority in the state of New York, no matter what the rule may be in other jurisdictions. In Howard v. Sexton, 4 N. Y. 157, the action was to recover damages for slander. At the trial evidence was given of words spoken on another action and of a different import from those charged in the complaint for the purpose of showing that the words charged were spoken with a malicious intent. It was held that such evidence was inadmissible. Judge Gardiner, who delivered the opinion of the court, in reversing the judgment, said:

"The plaintiff may show a repetition of the charge for which the action is brought, but not a different slander for any purpose; and if such evidence is received without objection, with a view to establish malice, the plaintiff may, notwithstanding, bring a subsequent action for the same words and recover. Root v. Lowndes, 6 Hill, 519, 41 Am. Dec. 762; Campbell v. Butts, 3 N. Y. 174."

In Titus v. Sumner, 44 N. Y. 266, evidence was admitted that the same slanderous charge was made by the defendant at times prior to those set out in the complaint, and the ruling was sustained by the commission of appeals solely on the ground that at the time of the trial an action for such prior slander could not be maintained, inasmuch as the same was barred by the statute of limitations. And substantially the same thing was held in Inman v. Foster, 8 Wend. 602.

In Frazier v. McCloskey, 60 N. Y. 337, 19 Am. Rep. 193, this rule was approved; Judge Rapallo, who delivered the opinion, saying:

"The plaintiff should never be permitted to give in evidence words, which might be the subject of another action. * * * The reason is obvious. Defendant might be compelled to pay damages twice for the same injury."

In Turton v. N. Y. Rec. Co., 144 N. Y. 144, 38 N. E. 1009, it is said:

"It is the prevailing doctrine that the reiteration of a libel or slander after suit brought may be proved on the question of malice and damages, probably with this qualification, however, that the cause of action for the reiteration has been barred by the statute of limitations, or that the language subsequently reiterated is for some other reason not actionable."

See, also, Cerro de Pasco Co. v. Haggin, 106 App. Div. 401, 94 N. Y. Supp. 593; Fisher v. New Yorker Staats Zeitung, 114 App. Div. 824, 100 N. Y. Supp. 185.

It seems to me, therefore, that the foregoing authorities require a reversal of the order appealed from and the granting of the motion. In reaching this conclusion I have not overlooked Cassidy v. Brooklyn Daily Eagle, 138 N. Y. 239, 33 N. E. 1038, cited by the respondent. There, upon the trial, plaintiff was permitted to prove certain articles published in defendant's newspaper some time previous to the article sued on. The court held the original article libelous per se, but the introduction in evidence of the previous article which referred to one McDermott was improper because not pleaded, saying:

"It was only when read in connection with the article counted upon as libelous that they would appear to have any connection with the plaintiff, and in such case the only effect of such proof would be to show what in fact was the character of the libel counted upon, and, unless pleaded, evidence amplifying and enlarging the libel itself would be in such case given, while no averment existed enlarging or setting forth the real libel upon which damages were sought to be recovered."

The question here presented is quite different. In this complaint the plaintiff declares upon one libel, and then sets out or refers to other alleged libelous articles upon each of which if separately declared upon a recovery might be had, and to hold that they can be set forth in one cause of action would be in effect permitting a double recovery to be had.

I am of the opinion the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.