(157 App. Div. 832.)

## COOK v. CONNERS.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1913.)

1. JUDGMENT (§ 713*)—CONCLUSIVENESS—EXTENT OF ESTOPPEL.

A judgment in an action for libel is conclusive, not only as to the issues actually determined, but as to every other question which the parties might or should have litigated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. § 713.*]

2. JUDGMENT (§ 585*)—CONCLUSIVENESS—EXTENT OF ESTOPPEL—LIBEL.

Where separate actions were brought for the publication of the same libel in two newspapers, which were owned by the same person, the issues involved in each action were the same, and the judgment in one was a bar to the other.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. § 585.*]

3. ACTION (§ 57*)—CONSOLIDATION—REPETITION OF LIBEL.

Separate actions against the same person for publication of the same libel in two papers owned by him may properly be consolidated.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 632–675; Dec. Dig. § 57.*]

4. LIBEL AND SLANDER (§ 100*)—EVIDENCE—ADMISSIBILITY—REPETITION.

In actions for libel, evidence of a repetition of the defamation before the commencement of the action may be received, although not alleged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 246–256, 258–272, 291, 322, 323; Dec. Dig. § 100.*]

Appeal from Trial Term, Chautauqua County.

Action by Margaret E. Cook against William J. Conners. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Herman J. Westwood, of Fredonia (Westwood & Monroe, of Fredonia, of counsel), for appellant.

Edward J. Garono, of Buffalo (Robert F. Schelling, of Buffalo, of counsel), for respondent.

ROBSON, J. The action is for libel. The publication of it is charged to have been made by defendant in the Buffalo Courier, a morning newspaper owned and published by him, on the 28th day of August, 1910. The preceding day the defendant had published practically the same article in the Buffalo Enquirer, an afternoon newspaper also owned and published by him. Both papers are published in the city of Buffalo, using the same buildings, under the same business and circulation management, and using the same presses and machinery and the same telegraphic service.

Though the article as published in the Courier is not verbally the same as that published in the Enquirer, yet the incident exploited therein, the application of its statements to plaintiff, and the statements themselves, so far as the libelous matter is concerned, are practically identical. It was the same calumny. It was in effect the same libel.

Shortly after these publications occurred plaintiff brought at about the same time two separate actions against the defendant; the complaint in one charging the libel to have been published by the defendant in the Buffalo Enquirer, and that in the other charging its publication in the Buffalo Courier on the respective dates above recited.

The action for the libel published in the Enquirer was tried, and plaintiff had a verdict upon which judgment was entered, and payment and satisfaction thereof are alleged to have been made. Thereupon defendant moved for leave to serve an amended answer in the Courier action, setting up these facts as a bar to the action and also in mitigation of damages therein. This motion was granted, the order entered, and the amended answer served. Plaintiff appealed from the order, which was thereafter affirmed in this court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The judgment in the Enquirer action must necessarily be accepted as "final and conclusive upon the parties, not only as to the issues actually determined, but as to every other question which the parties might or ought to have litigated." Stokes v. Foote, 172 N. Y. 327, 344, 65 N. E. 176, 182, and cases there cited.

[2, 3] I think that the same issues were involved in each action. That the two actions might properly have been consolidated has been held. Cohalan v. Press Publishing Co., 123 App. Div. 487, 107 N. Y. Supp. 962. I think, also, that in the Enquirer action the publication of the libel alleged in the complaint in the Courier action might have been proved.

[4] It has been frequently held in slander actions that repetitions of the same slander made by defendant prior to the commencement of the action may be proved in an action for damages for uttering the slander, though not alleged in the complaint. The rule on this subject, which Church, C. J., states may be regarded as settled in this state, is as stated in the opinion in Distin v. Rose, 69 N. Y. 122, as follows:

"First. It is competent to prove the speaking of the same words charged in the complaint at a period so long prior that the statute of limitations would be a bar to an action. [Titus v. Sumner] 44 N. Y. 266.

"Second. A repetition of words, imputing the same charge, alleged in the complaint to have been made, may be proved to have been spoken at any time before the commencement of the action, but not words imputing a different charge. [Root v. Lowndes] 6 Hill, 518 [41 Am. Dec. 762]; [Howard v. Sexton] 4 N. Y. 161.

"Third. Nor can the same words be proved to have been uttered after the commencement of the action. [Frazier v. McCloskey] 60 N. Y. 337 [19 Am. Rep. 193]."

As stated by Rapallo, J., in Frazier v. McCloskey, 60 N. Y. 337, 19 Am. Rep. 193, cited in the foregoing quotation, the reason for admitting evidence of the class designated in the second subdivision of the foregoing quotation given by Bronson, J., in 6 Hill, 518, 41 Am. Dec. 762, supra, is that "the judgment will be a bar to another action"; and this is true, as further stated by Bronson, J., whether all the different occasions of speaking the slanderous words are proved or not. The case cited by Bronson, J., in support of this position is Defries v. Davis, 7 Carr. & Payne, 112. In that case there was but one count in the declaration. Testimony that defendant had repeated the slander subsequently to the speaking of the words which were the subject of the present action was offered. An objection to its reception was made on the ground that the repetitions might be the subject of another action, and therefore ought not to be given in evidence in the present action. The court (Tindal, C. J.) said:

"You may show anything that is evidence of malice, but you must not show anything that would be the subject of another action. * * * I will receive any evidence of a repetition of the same words; so, if you have any other words which show an animus, not by separate slander, but by a repetition of this slander, or by other words which show the same train of thought, I will admit the evidence."

The ground upon which such evidence is admissible seems to be that it could not be the subject of another action. Leonard v. Pope, 27

Mich. 145. The same rule should apply to actions for libel. Galligan v. Sun Publishing Co., 25 Misc. Rep. 355, 54 N. Y. Supp. 471.

The judgment and order should be affirmed, with costs. All concur.