LUDOVIC PIGNATELLI, Respondent, *v.* THE PRESS PUBLISHING COMPANY, Appellant.

Second Department, June 17, 1921.

**Libel — pleading — improper to reallege in separate cause of action cause previously alleged — repetition of libel may be evidence of malice — allegations stricken out as redundant — proof of actual malice in each publication.**

In an action for libel in which the complaint sets forth three causes of action for three separate publications, it is improper to reallege in the second and third causes of action the causes of action previously alleged, and such allegations will be stricken out as redundant.

The repetition of a libel may be evidence of malice, but it is to be considered, if at all, in connection with the particular libel charged and repeated.

While the plaintiff may offer proof of actual malice in each publication under the allegations in his complaint, he cannot reallege and retry his separate causes of action in the manner proposed, for the practical result would be a double recovery.

APPEAL by the defendant, The Press Publishing Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 26th day of March, 1921, denying defendant's motion to strike from the complaint certain allegations as redundant.

*Charles B. Brophy,* for the appellant.

*John Patterson* [*Herbert C. Brinckerhoff* with him on the brief], for the respondent.

KELLY, J.:

The action is to recover damages for alleged libel, and the complaint contains three separate causes of action for three separate publications. Having pleaded in the first cause of action an alleged libel on January 30, 1921, the plaintiff in his second cause of action alleges a different libel on January 31, 1921, and in his third cause of action a still different libel in a later edition of defendant's newspaper on January thirty-first. Each separate libel is charged to have damaged the plaintiff. But in pleading his second cause of action the

plaintiff repeats and incorporates therein the libel set out in the first cause of action and alleges that defendant " notwithstanding the injury done to the plaintiff by the false and malicious publication set forth in the first cause of action," published a libelous article on January thirty-first. And so in the third cause of action, the plaintiff repeats and incorporates therein the two separate libels already pleaded in the first and second causes of action, with a similar statement that notwithstanding the injury done to him by the previous wrongdoing, defendant published a third separate and distinct libel in a later edition of its newspaper on January 31, 1921.

The appellant complains that under this method of pleading it is exposed to the danger of a double recovery for the same wrong. The plaintiff insists that the matter objected to is inserted in the second and third causes of action to show the *animus* of the defendant and to enable the plaintiff to show actual malice and thus enhance his damages.

I think the defendant's objection to this form of pleading should be sustained. The repetition of a libel may be evidence of malice, but it is to be considered, if at all, in connection with the particular libel charged, and repeated. The plaintiff cannot in his second and third independent causes of action introduce the previous wrong which is the subject of another action. As part of each cause of action the plaintiff alleges that the publication was false and untrue and malicious. Each separate libel constitutes a separate cause of action. Mr. Justice Miller, writing for this court in the First Department, said in *Collier* v. *Postum Cereal Co., Ltd.* (150 App. Div. 169, 177): " I think the fair rule, and the one to be adduced from the cases, is that evidence of publications which might be the subject of other actions should not be received for the sole purpose of enhancing damages. In cases in which the law implies malice the plaintiff does not need to prove actual malice as he will recover his compensatory damages without such proof, and, if he be allowed to give evidence of a publication which might be the subject of another suit, for the sole purpose of recovering punitive damages, the practical result will be a double recovery. However, if it be necessary to prove actual malice, *e. g.*, to rebut a claim of privilege, any evidence legitimately bearing on that question ought to be

received even though it might be the subject of another action." While the plaintiff may offer proof of actual malice in each publication under the allegations in his complaint, he cannot reallege and retry his separate causes of action in the manner proposed. (*Fleischmann* v. *Bennett*, 87 N. Y. 231; *Burkan* v. *Musical Courier Co.*, 141 App. Div. 202.)

The order should be reversed, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs.

BLACKMAR, P. J., MILLS, RICH and MANNING, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs.